UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HONEYWELL INTERNATIONAL,
INC.,

       Plaintiff,

v.

             5:18-CV-0646
BUCKEYE PARTNERS, L.P.;     (FJS/ML)
BUCKEYE GP, LLC; BUCKEYE
PIPE LINE COMPANY, L.P.; and
BUCKEYE PIPE LINE
HOLDINGS, L.P.,

       Defendants,


BUCKEYE PARTNERS, L.P.;
BUCKEYE GP, LLC; BUCKEYE
PIPE LINE COMPANY, L.P.; and
BUCKEYE PIPE LINE
HOLDINGS, L.P.,

       Third-Party Plaintiffs,

v.

YAD ASSOCIATES, INC.;
PYRAMID COMPANY OF
ONONDAGA; ROBERT J.
CONGEL; and BRUCE A.
KENAN,

       First Third-Party Defendants,

BUCKEYE PARTNERS, L.P.;
BUCKEYE GP, LLC; BUCKEYE
PIPE LINE COMPANY, L.P.; and
BUCKEYE PIPE LINE
HOLDINGS, L.P.,

                  Third-Party Plaintiffs,

v.

ATLANTIC RICHFIELD COMPANY;
CITGO PETROLEUM CORPORATION;
CHEVRON CORPORATION;
CHEVRON U.S.A. INC.; KINDER
MORGAN INC.; EXXONMOBIL OIL
CORPORATION; EXXON MOBIL
CORPORATION; HESS CORPORATION;
SHELL OIL COMPANY; SUNOCO (R&M),
LLC; SUN PIPE LINE COMPANY, LLC;
TEXACO, INC.; and TRMI-H LLC,

                  Second Third-Party Defendants,


CHEVRON CORPORATION;
CHEVRON U.S.A. INC.; TEXACO, INC.;
and TRMI-H LLC,

                  Counter-Claimants,

v.

BUCKEYE PARTNERS, L.P.;
BUCKEYE GP, LLC; BUCKEYE
PIPE LINE COMPANY, L.P.; and
BUCKEYE PIPE LINE
HOLDINGS, L.P.,

                  Counter-Defendants,

CHEVRON CORPORATION;
CHEVRON U.S.A. INC.; TEXACO, INC.;
and TRMI-H LLC,

                Cross-Claimants,

v.

ATLANTIC RICHFIELD COMPANY;
CITGO PETROLEUM CORPORTATION;
KINDER MORGAN INC.; EXXONMOBIL
OIL CORPORATION; EXXON MOBIL
CORPORATION; HESS CORPORATION;
SHELL OIL COMPANY; SUNOCO (R&M),
LLC; and SUN PIPE LINE COMPANY,
LLC,

                Cross-Defendants.

_____

APPEARANCES:                                OF COUNSEL:

ARNOLD & PORTER KAY SCHOLER LLP             BRIAN D. ISRAEL, ESQ.
  Co-Counsel for Plaintiff                  JOHN ROBINSON, ESQ.
601 Massachusetts Avenue N.W.               LAUREN COLE DANIEL, ESQ.
Washington, D.C. 20001

GEOFFREY J. MICHAEL                         GEOFFREY J. MICHAEL, ESQ.
  Co-Counsel for Plaintiff
6407 11th Street
Arlington, Virginia 22307-3141

HANCOCK ESTABROOK, LLP                      JOHN G. POWERS, ESQ.
  Counsel for Defendants, Third-Party Plaintiffs,   WENDY ANN MARSH, ESQ.
  and Counter-Defendants                    CHRISTOPHER HALL, ESQ.
1800 AXA Tower 1, 100 Madison Street        JAMES J. O'SHEA, ESQ.
Syracuse, New York 13202

THE WEST FIRM LAW, PLLC                     MICHAEL W. PETERS, ESQ.
  Counsel for Second Third-Party Chevron
  Defendants, Counter-Claimants, and
  Cross-Claimants
677 Broadway, 8th Floor
Albany, New York 12207

DEVAPRASAD PLLC     S. DAVID DEVAPRASAD, ESQ.
 Counsel for Second Third-Party Atlantic
 Defendant and Cross-Defendant Atlantic
119 Washington Avenue
Albany, New York 12210

KAREN LEE PRENA P.C.    KAREN L. PRENA, ESQ.
 Counsel for Second Third-Party Citgo
 Defendant and Cross-Defendant Citgo
3100 N. Sheridan Road, Suite 4d
Chicago, Illinois 60657

GERMAIN, GERMAIN LAW FIRM  ROBERT M. GERMAIN, ESQ.
 Counsel for Second Third-Party Hess
 and Kinder Defendants and
 Cross-Defendants Hess and Kinder
314 East Fayette Street
Syracuse, New York 13202

McCUSKER, ANSELMI, ROSEN & CARVELLI JOHN B. McCUSKER, ESQ.
 Counsel for Second Third-Party Exxon KATHERINE E. SUELL, ESQ.
 Defendants and Cross-Defendants Exxon
201 Park Avenue, Suite 301
Florham Park, New Jersey 07932

BEVERIDGE & DIAMOND P.C.   MEGAN BRILLAULT, ESQ.
 Counsel for Second Third-Party Shell
 Defendant and Cross-Defendant Shell
477 Madison Avenue, 15th Floor
New York, New York 10022-5802

McCARTER & ENGLISH, LLP   AMANDA G. DUMVILLE, ESQ
 Counsel for Second Third-Party Sunoco JOHN J. McALEESE, ESQ.
 Defendants and Cross-Defendants Sunoco MINJI KIM, ESQ.
100 Mulberry Street, 4 Gateway Center
Newark, New Jersey 07102

THE WLADIS LAW FIRM, P.C.   KEVIN C. MURPHY, ESQ.
 Counsel for First Third-Party Defendants TIMOTHY J. LAMBRECHT, ESQ.
6312 Fly Road
East Syracuse, New York 13057

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

Currently before the Court, in this environmental clean-up action filed by Honeywell International, Inc. ("Plaintiff") against Buckeye Partners, L.P., Buckeye GP, LLC, Buckeye Pipe Line Company, L.P., and Buckeye Pipe Line Holdings, L.P. (collectively "Defendants"), are the following eleven motions: (1) Plaintiff's motion to strike Defendants' Amended Second Third-Party Complaint pursuant to Fed. R. Civ. P. 14 (Dkt. No. 123); (2) Second Third-Party Exxon Defendants'[1] motion to dismiss the Amended Second Third-Party Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and in the alternative, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 141); (3) Second Third-Party Sunoco Defendants'[2] motion to dismiss the Amended Second Third-Party Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 142); (4) Second Third-Party Shell Defendant's[3] motion to dismiss the Amended Second Third-Party Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 143); (5) Second Third-Party Kinder Defendant's[4] motion to dismiss the Amended Second Third-Party Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 144); (6) Second Third-Party Hess Defendant's[5] motion to dismiss the

---

[1]    ExxonMobil Oil Corporation and Exxon Mobil Corporation collectively referred to as "Second Third-Party Exxon Defendants."

[2]    Sunoco (R&M), LLC and Sun Pipe Line Company, LLC, collectively referred to as "Second Third-Party Sunoco Defendants."

[3]    Shell Oil Company referred to as "Second Third-Party Shell Defendant."

[4]    Kinder Morgan Inc. referred to as "Second Third Party Kinder Defendant."

[5]    Hess Corporation referred to as "Second Third-Party Hess Defendant."

Amended Second Third-Party Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 145); (7) Second Third-Party Atlantic Defendant's[6] motion to dismiss the Amended Second Third-Party Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt. No. 146); (8) Second Third-Party Citgo Defendant's[7] motion to dismiss the Amended Second Third-Party Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 147); (9) Second Third-Party Kinder Defendant's motion to dismiss Second Third Party Chevron Defendants'[8] cross-claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 159); (10) Second Third-Party Hess Defendant's motion to dismiss Second Third-Party Chevron Defendants' cross-claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 160); and (11) Second Third-Party Chevron Defendants' motion for judgment on the pleadings requesting dismissal of the Amended Second Third-Party Complaint pursuant to Fed. R. Civ. P. 12(c) (Dkt. Nos. 162, 163). For the reasons set forth below, it is recommended that (a) Plaintiff's motion to strike (Dkt. No. 123) be granted in part and denied in part; (b) Second Third-Party Exxon Defendants' motion to dismiss (Dkt. No. 141), Second Third-Party Sunoco Defendants' motion to dismiss (Dkt. No. 142), Second Third-Party Shell Defendant's motion to dismiss (Dkt. No. 143), Second Third-Party Hess Defendant's motion to dismiss (Dkt. No. 145), Second Third-Party Atlantic Defendant's motion to dismiss (Dkt. No. 146), Second Third-Party Citgo Defendant's motion to dismiss (Dkt. No. 147), and Second Third-Party Chevron

---

[6]    Atlantic Richfield Company referred to as "Second Third-Party Atlantic Defendant."

[7]    Citgo Petroleum Corporation referred to as "Second Third-Party Citgo Defendant."

[8]    Chevron Corporation, Chevron U.S.A. Inc., Texaco, Inc., and TRMI-H LLC, collectively referred to as "Second Third-Party Chevron Defendants."

Defendants' motions for judgment on the pleadings (Dkt. Nos. 162, 163) be granted in part and denied in part; (c) Second Third-Party Kinder Defendant's motion to dismiss (Dkt. No. 144) be granted; and (d) Second Third-Party Kinder Defendant's motion to dismiss (Dkt. No. 159) and Second Third-Party Hess Defendant's motion to dismiss (Dkt. No. 160) be granted.

## <u>TABLE OF CONTENTS</u>

I.    RELEVANT BACKGROUND ........................................................................................ 1

    A.   Defendants' Claims Against Second Third Party Defendants .......................... 1

    B.   Second Third-Party Chevron Defendants' Counter-Claims Against Defendants and Cross-Claims Against the Other Second Third-Party Defendants ....................... 2

    C.   Parties' Briefing on Plaintiff's Motion to Strike the Amended Second Third-Party Complaint ............................................................................................................. 3

    D.   Parties' Briefing on Second Third-Party Exxon Defendants' Motion to Dismiss the Amended Second Third-Party Complaint ............................................... 8

    E.   Parties' Briefing on Second Third-Party Sunoco Defendants' Motion to Dismiss the Amended Second Third-Party Complaint ........................................ 10

    F.   Parties' Briefing on Second Third-Party Shell Defendant's Motion to Dismiss the Amended Second Third-Party Complaint ................................................. 13

    G.   Parties' Briefing on Second Third-Party Kinder Defendant's Motion to Dismiss the Amended Second Third-Party Complaint ............................................. 15

    H.   Parties' Briefing on Second Third-Party Hess Defendant's Motion to Dismiss ................ 18

    I.   Parties' Briefing on Second Third-Party Atlantic Defendant's Motion to Dismiss the Amended Second Third-Party Complaint ............................................. 20

    J.   Parties' Briefing on Second Third-Party Citgo Defendant's Motion to Dismiss the Amended Second Third-Party Complaint ............................................. 22

    K.   Parties' Briefing on Second Third-Party Kinder Defendant's Motion to Dismiss Chevron's Cross-Claims ......................................................................................... 25

    L.   Parties' Briefing on Second Third-Party Hess Defendant's Motion to Dismiss Chevron's Cross-Claims ........................................................................................... 27

    M.   Parties' Briefing on Second Third-Party Chevron Defendants' Motion for Judgment on the Pleadings with Respect to the Amended Second Third-Party Complaint .................. 28

II.    GOVERNING LEGAL STANDARDS ..................................................................... 29

    A.   Legal Standard Governing Motions for Judgment on the Pleadings and Motions to Dismiss for Failure to State a Claim ........................................................................ 29

    B.   Legal Standard Governing Motions to Dismiss for Lack of Subject-Matter Jurisdiction ..... 33

    C.   Legal Standard Governing Motions to Strike ............................................. 33

    D.   Legal Standard Governing Liability Under CERCLA ............................... 34

    E.   Legal Standard Governing Incorporating Another Party's Motion by Reference ............. 35

III.    ANALYSIS ................................................................................................................ 35

    A.   Defendants' Amended Second Third-Party Complaint .............................. 35

    B.   Second Third-Party Chevron Defendants' Cross-claims ........................... 47

# I.    RELEVANT BACKGROUND

The relevant procedural history of this matter, a summary of Plaintiff's claims, and a summary of Defendants' claims against First Third-Party Defendants[9] were set forth in the Court's Order and Report-Recommendation dated April 24, 2020.  (Dkt. No. 201.)

## A.    Defendants' Claims Against Second Third Party Defendants

Generally, liberally construed, Defendants' Amended Second Third-Party Complaint alleges as follows.  (*See generally* Dkt. No. 108 [Defs.' Am. Second Third-Party Compl.].)

Defendants allege that if Plaintiff's theory of liability set forth in the Complaint (Dkt. No. 1) is found to be valid, Second Third-Party Defendants'[10] operations in Oil City resulted in the release of hazardous substances and petroleum products that would have filtered into the Barge Canal and contributed to the contamination of Onondaga Lake alleged by Plaintiff to have occurred at SMU-6 and SWY-12.  (*See generally* Dkt. No. 108.)  Defendants further allege that in 1983, they took over operations for Terminal 2 in Oil City from Second Third-Party Exxon Defendants pursuant to an asset purchase agreement (the "Asset Purchase Agreement").  (*Id.*) Defendants allege that pursuant to the Asset Purchase Agreement, Second Third-Party Exxon Defendants pledged to remain responsible for all costs and damages arising out of spills, leaks, or other discharge of petroleum products during the time that Second Third-Party Exxon Defendants operated Terminal 2.  (*Id.*)  Moreover, Defendants allege that the Asset Purchase Agreement requires Second Third-Party Exxon Defendants indemnify and hold Defendants

---

[9]    YAD Associates, Inc. ("YAD"), Pyramid Company of Onondaga ("Pyramid"), Robert J. Congel, and Bruce A. Kenan collectively "First Third-Party Defendants."

[10]    Atlantic Richfield Company, Citgo Petroleum Corporation, Chevron Corporation, Chevron U.S.A. Inc., Kinder Morgan Inc., ExxonMobil Oil Corporation, Exxon Mobil Corporation, Hess Corporation, Shell Oil Company, Sunoco (R&M), LLC, Sun Pipe Line Company, LLC, Texaco, Inc., and TRMI-H LLC, collectively "Second Third-Party Defendants."

against all claims, demands, expenses, causes of action, and suits arising out of Second Third-Party Exxon's ownership and operation of Terminal 2 before the closing.  (*Id.*)

Based on these factual allegations, Defendants assert the following six claims: (1) a claim for contribution related to response costs at the Onondaga Lake Bottom Site and SYW-12, pursuant to section 113(f) CERCLA, 42 U.S.C. § 9613(f); (2) a claim for contribution related to natural resource development ("NRD") costs at the Onondaga Lake Superfund Site, pursuant to section 113(f) of CERCLA, 42 U.S.C. § 9613(f); (3) a claim for contribution related to oil-related removal costs incurred at the Onondaga Lake Bottom Site and SYW-12, pursuant to OPA, 33 U.S.C. § 2702; (4) a claim for contribution related to petroleum discharges at the Onondaga Lake Bottom Site and SYW-12, pursuant to the New York Navigation Law, N.Y. Nav. Law §§ 176(8), 181; (5) a claim of contribution for contamination of Onondaga Lake that resulted in and will result in the incurrence of costs by Plaintiff, pursuant to New York State common law and N.Y. C.P.L.R. § 1401; and (6) a claim of contractual defense and indemnification against Second Third-Party Exxon Defendants pursuant to the Asset Purchase Agreement.  (*Id.*)

     **B.**    **Second Third-Party Chevron Defendants' Counter-Claims Against Defendants and Cross-Claims Against the Other Second Third-Party Defendants**

Second Third-Party Chevron Defendants[11] allege that for the reasons set forth by Plaintiff and the other Second Third-Party Defendants, Defendants' Amended Second Third-Party Complaint should be dismissed.  (*See generally* Dkt. Nos. 139 [Second Third-Party Chevron Defs.' Answer].)  However, Second Third-Party Chevron Defendants allege that if the Court

---

[11]    Second Third-Party Chevron Defendants argue that Chevron Corporation is not a proper party to this action.  (Dkt. No. 139 at 1; Dkt. No. 140 at 2.)  As a result, Chevron Corporation did not assert counter- or cross-claims.  (Dkt. No. 139 at 2; Dkt. No. 140 at 2.)

determines that Defendants can maintain their Amended Second Third-Party Complaint, then they assert the following five counter-claims against Defendants: (1) a claim for contribution pursuant to CERCLA § 113; (2) a claim for contribution pursuant to CERCLA § 113 for NRD costs; (3) a claim for contribution pursuant to OPA; (4) a claim for contribution pursuant to the New York Navigation Law; and (5) a claim for contribution pursuant to N.Y. C.P.L.R. § 1401. (*Id.*)  In addition, to the extent that the Court determines Defendants can maintain their Amended Second Third-Party Complaint, Second Third-Party Chevron Defendants assert the following five cross-claims against the other Second Third-Party Defendants: (1) a claim for contribution pursuant to CERCLA § 113; (2) a claim for contribution pursuant to CERCLA § 113 for NRD costs; (3) a claim for contribution pursuant to OPA; (4) a claim for contribution pursuant to the New York Navigation Law; and (5) a claim for contribution pursuant to N.Y. C.P.L.R. § 1401. (*Id.*)

     **C.**    **Parties' Briefing on Plaintiff's Motion to Strike the Amended Second Third-Party Complaint**

          **1.**    **Plaintiff's Memorandum of Law-in-Chief**

Generally, in support of its motion to strike, Plaintiff asserts the following three arguments: (1) Defendants cannot state a claim for contribution against any of the Second Third-Party Defendants because Plaintiff only seeks Defendants' proportionate share of the costs; (2) allowing Defendants' Amended Second Third-Party Complaint to proceed would significantly delay the resolution of Plaintiff's underlying action; and (3) in the alternative, Plaintiff seeks a stay of Defendants' claims against Second Third-Party Defendants.  (*See generally* Dkt. No. 123, Attach. 1 [Pl.'s Mem. of Law].)

## 2.     Defendants' Opposition Memorandum of Law

Generally, in opposition to Plaintiff's motion, Defendants assert the following five arguments.  (*See generally* Dkt. No. 152 [Defs.' Opp'n Mem. of Law].)

First, Defendants argue that their third-party contribution claim derivative of Plaintiff's CERCLA § 107 claim for SYW-12, states a viable claim and therefore cannot be stricken.  (*Id.*) More specifically, Defendants argue that Plaintiff's claim expressly seeks joint and several liability pursuant to CERCLA § 107(a), and section 113(f)(1) provides a statutory right for Defendants to seek contribution during this litigation, from any other party who is potentially liable.  (*Id.*)  In addition, Defendants argue that Plaintiff's assertion that it will limit its CERCLA § 107 claim to "several" liability only, does not constitute a valid basis to strike the Amended Second Third-Party Complaint because (a) since the Complaint seeks a declaration that Defendants are joint and severally liable for the cost to remediate SYW-12, Defendants can, via impleader, seek a ruling from the court to allocate any response cost among all liable parties, and (b) courts assess the viability of what is actually alleged in the pleadings, not based on Plaintiff's counsel's representations.  (*Id.*)  Moreover, Defendants argue that it is in dispute whether Plaintiff can tailor its request for relief based on its CERCLA § 107 claim at all.  (*Id.*)

Second, Defendants argue that they have properly pleaded a third-party claim for contractual indemnity against Second Third-Party Exxon Defendants.  (*Id.*)  Defendants acknowledge that Plaintiff takes no position regarding Defendants' contractual indemnity claim. (*Id.*)  As a result, Defendants argue that Plaintiff's motion should be denied with respect to that claim.  (*Id.*)

Third, Defendants argue that Plaintiff fails to justify its motion to strike Defendants' third-party claims derivative of Plaintiff's CERCLA § 113 claim, New York Navigation Law

claim, and OPA claim. (*Id.*) Defendants argue that, with respect to Plaintiff's CERCLA § 113 contribution claims, Defendants' contribution claims are viable because Defendants and Second Third-Party Defendants are potentially liable for an orphan share, which creates the exact situation that Plaintiff argues does not exist—a contribution defendant paying more than his or her proportionate share. (*Id.*) Further, Defendants argue that with respect to Plaintiff's Navigation Law claim, Defendants' contribution claim is valid because (a) Plaintiff's Navigation Law claim is pursuant to § 181, which specifies a remedy of strict liability and thus provides a well-settled right to seek contribution, and (b) § 176(8) of the Navigation Law provides an absolute right to a defendant sued pursuant to § 181 to seek contribution from other potentially responsible parties ("PRPs"). (*Id.*) Finally, Defendants argue that Plaintiff's memorandum of law provides no authority for dismissal of Defendants' contribution claim premised on Plaintiff's OPA claim and the OPA statute provides Defendants the statutory right to bring a contribution claim. (*Id.*)

Fourth, Defendants argue that their contribution claims are not premature because Fed. R. Civ. P. 14 expressly allows joinder of third-party defendants who may be liable. (*Id.*)

Fifth, Defendants argue that allowing their third-party action to proceed would not materially delay the litigation. (*Id.*) More specifically, Defendants argue that (a) the discovery from Second Third-Party Defendants is needed and will occur regardless of whether Defendants' Amended Second Third-Party Complaint proceeds because of Plaintiff's allocation theory against Defendants, (b) to the extent that there would be a delay, it is not greater than it would be if tSecond Third-Party Defendants were sued in separate, later actions rather than in this one, and (c) Plaintiff articulated no concrete prejudice to any party as a result of the initiation of the Second Third-Party action. (*Id.*)

### 3.      Plaintiff's Reply Memorandum of Law

Generally, in reply to Defendants' opposition, Plaintiff asserts the following six arguments.  (*See generally* Dkt. No. 156 [Pl.'s Reply Mem. of Law].)

First, Plaintiff argues that Defendants do not dispute that, with respect to their CERCLA § 113(f) claims, they can only be held liable for their "equitable share."  (*Id.*)  More specifically, Plaintiff argues that it is "legally impossible" for any of the Second Third-Party Defendants to be liable to Defendants given the nature of a CERCLA § 113(f) claim.  (*Id.*)  In addition, Plaintiff argues that it supports consolidation and is not seeking inconsistent verdicts in *Honeywell Int'l Inc. v. Sunoco (R&M), LLC*, No. 5:18-CV-1176 (FJS/ML) ("*Honeywell II*") or *Honeywell Int'l Inc. v. Citgo Petroleum Corp*., No. 5:19-CV-1219 (FJS/ML) ("*Honeywell III*").[12]

Second, Plaintiff argues that Defendants cannot seek contribution based on its OPA claim because the provision of OPA on which Plaintiff relies only allows Plaintiff to bring a claim against Defendants for Defendants' equitable share.  (*See generally* Dkt. No. 156.)  In addition, Plaintiff argues that it "has stipulated (and stipulates here again) that it will not seek more than [Defendants'] equitable share."  (*Id*. at 10.)

Third, Plaintiff argues that Defendants cannot seek contribution based on its Navigation Law claim, which, also only seeks Defendants' equitable share.  (*Id.*)  Moreover, Plaintiff "stipulates that it is seeking only several liability for [Defendants'] equitable share."  (*Id.*)  Further, Plaintiff argues that § 176(8) is inapplicable because Defendants did not provide cleanup or removal of discharge of petroleum, nor did they allege that they had done so, as required by the statute.  (*See generally* Dkt. No. 156.)

---

[12]      The Court notes that *Honeywell II* and *Honeywell III* were consolidated on April 24, 2020.  (Dkt. No. 201.)

Fourth, Plaintiff argues that Defendants cannot seek contribution based on Plaintiff's CERCLA § 107(a) claim because Plaintiff is only seeking several liability against Defendants for their proportionate share of the costs. (*Id.*) In addition, Plaintiff argues that it is only seeking declaratory relief from Defendants, and thus, is not seeking any monetary relief from Defendants beyond their equitable share. (*Id.*) Plaintiff argues that the cases cited by Defendants "are inapposite because the third-party defendants in each of those cases remained potentially liable to the defendant," in contrast with the situation here, where Defendants' third-party contribution claims are entirely derivative of Plaintiff's contribution claims against Defendants. (*Id.* at 11-12.) Finally, Plaintiff argues that no Federal Rule of Civil Procedure, or any other authority, prevents Plaintiff from clarifying that it is seeking narrower relief than that which Defendants mistakenly assert and a contrary rule would allow Defendants to implead thirteen additional third-party defendants so that they can seek contribution for a claim that Plaintiff is not pursuing. (*See generally* Dkt. No. 156.)

Fifth, Plaintiff argues that allowing Defendants' Amended Second Third-Party Complaint to proceed would significantly delay the resolution of Plaintiff's underlying action. (*Id.*) In addition, Plaintiff reiterates that it supports consolidation with *Honeywell II* and *Honeywell III*. (*Id.*)

Sixth, Plaintiff argues that, "at a minimum" Defendants' claims should be stayed because they do not have a cognizable claim for contribution against Second Third-Party Defendants where they will not pay to Plaintiff more than their respective pro rata shares. (*Id.*)[13]

---

[13]    First Third-Party Defendants filed a letter brief in response to Plaintiff's motion to strike. (Dkt. No. 149.) However, First Third-Party Defendants' letter brief presented an overview of Plaintiff's and Defendants' arguments and a request that Plaintiff's Complaint be dismissed, as opposed to taking a position with respect to Plaintiff's motion to strike. (*Id.*) As a result, the

D.    **Parties' Briefing on Second Third-Party Exxon Defendants' Motion to Dismiss the Amended Second Third-Party Complaint**

Generally, in support of their motion to dismiss, Second Third-Party Exxon Defendants assert the following five arguments: (1) Defendants will not be liable to Plaintiff for more than their equitable share of costs and, therefore, may not pursue contribution claims against Second Third-Party Exxon Defendants pursuant to CERCLA § 113, because redress pursuant to that statute is only available to a defendant exposed to joint and several liability under CERCLA § 107; (2) Defendants cannot seek OPA contribution from Second Third-Party Exxon Defendants because (a) Second Third-Party Exxon Defendants' ownership years predate the OPA and (b) Defendants have not been named a "responsible party" under the OPA and therefore do not have standing to bring a contribution claim against third-parties; (3) Defendants do not have standing to bring a claim pursuant to New York Navigation Law because Defendants' claim is not based on cleanup, removal, or any other permissible Navigation Law costs that Defendants incurred; (4) Defendants' indemnification claims pursuant to the New York Navigation Law, C.P.L.R., and contract, are not ripe for adjudication and should be dismissed; and (5) if Plaintiff's and Defendants' federal CERCLA and OPA claims are dismissed, the Court will lack subject matter jurisdiction over Defendants' New York Navigation law and N.Y. C.P.L.R. § 1401 contribution claims.  (*See generally* Dkt. No. 141, Attach. 1 [Second Third-Party Exxon Defs.' Mem. of Law].)

Generally, in opposition to Second Third-Party Exxon Defendants' motion to dismiss, Defendants assert the following six arguments: (1) Defendants' third-party CERCLA § 113 claim derivative of Plaintiff's CERCLA § 107(a) claim related to SYW-12, is viable because (a)

Court reviewed and considered First Third-Party Defendants' letter brief but will not summarize it here.

Defendants have a statutory right to bring this third-party contribution claim, and (b) Plaintiff's representation that it will limit its § 107(a) claim solely to "several" liability, does not constitute a valid basis to dismiss the third-party action; (2) Second Third-Party Exxon Defendants fail to justify their motion to dismiss Defendants' third-party CERCLA § 113 claims derivative of Plaintiff's CERCLA § 113 claims and Defendants (and Second Third-Party Defendants) may potentially be liable for an orphan share, which necessarily holds them liable for more than their fair share of liability; (3) Defendants' contractual indemnification claim is ripe for adjudication and Second Third-Party Exxon Defendants do not cite any authority for the proposition that Defendants' third-party claims derivative of Plaintiff's N.Y. Navigation Law and N.Y. C.P.L.R. claims are premature; (4) Second Third-Party Exxon Defendants fail to justify their motion to dismiss Defendants' third-party claims derivative of Plaintiff's OPA claim other than to argue that Plaintiff's OPA claim fails, which Defendants agree with, but, to the extent that Second Third-Party Exxon Defendants and Defendants are incorrect and Plaintiff's OPA claim survives, Defendants have a statutory right to bring an OPA contribution claim; (5) Second Third-Party Exxon Defendants fail to justify their motion to dismiss Defendants' third-party claims derivative of Plaintiff's Navigation Law claim, because (a) § 181 of the Navigation Law specifies a remedy of strict liability and thus, provides a well-settled right to seek contribution, and (b) § 176(8) of the Navigation Law specifically provides an absolute right to a defendant sued under § 181 to seek contribution from other PRPs; and (6) standing alone, Defendants' contribution claim pursuant to N.Y. C.P.L.R. § 1401 is proper.  (*See generally* Dkt. No. 177 [Defs.' Opp'n Mem. of Law].)

Generally, in reply to Defendants' opposition, Second Third-Party Exxon Defendants assert the following four arguments: (1) Defendants are unable to maintain a contribution claim

against Second Third-Party Exxon Defendants because Defendants will not be liable to Plaintiff for more than their equitable share of costs; (2) Defendants have failed to meet the statutory prerequisites of its OPA and N.Y. Navigation Law claims because (a) Defendants failed to identify any incidents relating to Second Third-Party Exxon Defendants occurring after August 19, 1990, (b) Defendants failed to plead that they had been deemed a responsible party, and (c) Defendants failed to set forth any facts plausibly suggesting that it provided for the clean-up or removal of any petroleum from Onondaga Lake or any of Defendants' property; (3) Defendants have failed to set forth facts sufficient to support its contractual indemnification claim against Second Third-Party Exxon Defendants because Plaintiff "has made it abundantly clear that it seeks recovery from [Defendants] of *only* [Defendants'] own share of its costs. That share would *necessarily exclude* any costs associated with the period of [Second Third-Party Exxon Defendants'] ownership of the Property."; and (4) "availability for discovery" is not a sufficient reason to retain Second Third-Party Exxon Defendants as a third-party defendant and instead, Defendants may issue discovery requests to non-parties pursuant to Fed. R. Civ. 34(c) and 45. (*See generally* Dkt. No. 182 [Second Third-Party Exxon Defs.' Reply].)[14]

**E.    Parties' Briefing on Second Third-Party Sunoco Defendants' Motion to Dismiss the Amended Second Third-Party Complaint**

Generally, in support of their motion to dismiss, Second Third-Party Sunoco Defendants assert the following six arguments: (1) Defendants cannot state a claim for contribution against Second Third-Party Sunoco Defendants because Plaintiff only seeks Defendants proportionate share of costs; (2) Defendants cannot state a claim for relief against Second Third-Party Sunoco

---

[14]    In the future, Second Third-Party Exxon Defendants' counsel is cautioned to comply with N.D.N.Y. L.R. 7.1(a)(1), which provides that, "[a]ll memoranda of law shall contain a table of contents."

Defendants pursuant to CERCLA because there are only allegations of petroleum releases and petroleum is excluded from CERCLA's definition of "hazardous substance"; (3) Defendants' OPA claim must be dismissed because (a) this Court does not have subject matter jurisdiction over Defendants' OPA claim where Defendants failed to satisfy the presentment requirement pursuant to OPA, and (b) Defendants fail to state a claim pursuant to OPA where they have not been designated a "responsible party"; (4) Defendants' Navigation Law claim is preempted by CERCLA and must be dismissed for failure to state a claim; (5) Defendants' contribution claim pursuant to N.Y. C.P.L.R. § 1401 is also preempted by CERCLA and must be dismissed for failure to state a claim; and (6) if Defendants' CERCLA and OPA claims are dismissed, then Defendants' claims pursuant to New York state law should also be dismissed because this Court will not have an independent basis of subject matter jurisdiction. (*See generally* Dkt. No. 142, Attach. 1 [Second Third-Party Sunoco Defs.' Mem. of Law].)

Generally, in opposition[15] to Second Third-Party Sunoco Defendants' motion to dismiss, Defendants assert the following four arguments: (1) Defendants' Amended Second Third-Party Complaint states viable claims for contribution because (a) Defendants have a statutory right under CERCLA § 113 to implead other PRPs and thus, their claim pursuant to CERCLA § 113 that is derivative of Plaintiff's CERCLA § 107 claim, should survive, (b) with respect to Defendants' CERCLA § 113 claims derivative of Plaintiff's CERCLA § 113 claims, (i) Plaintiff's theory of the case requires a finder of fact to determine Defendants' percentage of liability relative to the other Oil City PRPs, (ii) all other Oil City PRPs—including Defendants

---

[15]    Defendants agree that "when [Plaintiff]'s Complaint against [Defendants] is dismissed[,] so too should [Defendants'] Amended Second Third-Party Complaint against Sunoco be dismissed. However, assuming *arguendo* the Court denies [Defendants'] Motion for Judgement on the Pleadings, the Court must similarly deny Sunoco's motion to dismiss." (Dkt. No. 180 at 6.)

and Second Third-Party Defendants—are potentially liable for an orphan share even if Plaintiff only seeks contribution, and (iii) to the extent that Plaintiff's CERCLA claims are not dismissed because of the petroleum exception, the same rationale is applicable to Defendants' CERCLA claims, (c) the OPA statute provides Defendants a statutory right to bring a contribution claim, and (d) Defendants' state law claims are proper because (i) a Navigation Law claim pursuant to § 181—as alleged by Plaintiff—provides for a remedy of strict liability and under New York law, the potential for strict liability provides a well-settled right to seek contribution, and (ii) the Navigation Law provides an absolute right to a defendant sued under § 181(1) to seek contribution from other PRPs; (2) Defendants' third-party contribution claims are not premature under Fed. R. Civ. P. 14, which allows a third-party plaintiff to join a third-party defendant who "may be liable"; (3) judicial efficacy and the federal rules support Defendants' impleader claims because (a) the voluminous discovery that will be necessary is due to the facts that have already been placed at issue by Plaintiff, (b) no party makes the assertion that the delay of permitting Defendants' third-party claims to proceed would be greater than it would if Second Third-Party Defendants were sued in separate, later actions, and (c) no party has articulated concrete prejudice as a result of the initiation of the Second Third-Party action; and (4) standing alone, Defendants' contribution claim under N.Y. C.P.L.R. § 1401 is proper.  (Dkt. No. 180 [Defs.' Opp'n Mem. of Law].)

Generally, in reply to Defendants' opposition, Second Third-Party Sunoco Defendants assert the following five arguments: (1) Defendants cannot state a claim for contribution against Second Third-Party Sunoco Defendants because Plaintiff only seeks Defendants' proportionate share of costs; (2) Defendants' CERCLA claims must be dismissed because Defendants only allege release of petroleum by Second Third-Party Sunoco Defendants; (3) Defendants' OPA

claim must be dismissed because Plaintiff seeks only Defendants' proportionate share of

damages; (4) Defendants' Navigation Law claim is preempted by CERCLA; and (5) Defendants'

claim pursuant to N.Y. C.P.L.R. § 1401, is also preempted by CERCLA.  (Dkt. No. 184 [Second

Third-Party Sunoco Defs.' Reply Mem. of Law].)

F.     **Parties' Briefing on Second Third-Party Shell Defendant's Motion to Dismiss the Amended Second Third-Party Complaint**

Generally, in support of its motion to dismiss, Second Third-Party Shell Defendant

asserts the following five arguments: (1) Defendants' CERCLA claims are barred by the CERLA

petroleum exclusion; (2) Defendants' OPA claim must be dismissed because (a) this Court does

not have subject matter jurisdiction over Defendants' OPA claim where Defendants failed to

satisfy the presentment requirement pursuant to OPA, and (b) they do not allege any oil spill

"incidents" attributable to Second Third-Party Shell Defendant occurring after the year 1990 and

vague speculation about "unreported leaks or spills" are insufficient as a matter of pleading; (3)

Defendants cannot state a valid claim for contribution pursuant to the New York Navigation Law

because they have not provided cleanup or removal of petroleum; (4) Defendants claim for

contribution pursuant to N.Y. C.P.L.R. § 1401, cannot proceed because (a) Defendants have not

been held liable for or contributed to site remediation, (b) Defendants have not alleged any tort

claims against Second Third-Party Shell Defendant, and (c) a cause of action does not accrue

until payment of the underlying liability has been made by the suing party; and (5) Plaintiff only

seeks Defendants' proportionate share of liability and thus, Defendants cannot seek contribution

from other parties for Defendants' equitable share.  (*See generally* Dkt. No. 143 [Second Third-

Party Shell Def.'s Mem. of Law].)

Generally, in opposition to Second Third-Party Shell Defendant's motion to dismiss,

Defendants assert the following five arguments: (1) Defendants' Amended Second Third-Party

Complaint states a viable claim pursuant to CERCLA because (a) although Defendants agree that

Plaintiff's CERCLA claims against Defendants are barred, *inter alia*, by the petroleum

exclusion, "this bar does not extend to [Defendants'] claims for contribution," (b) Second Third-

Party Shell Defendant's argument that Plaintiff only seeks contribution ignores Plaintiff's

purported rationale for how it will apportion liability and does not provide any law to support the

contention that Defendants can only be liable for their distinct share of CERCLA § 113 liability,

(c) Defendants have a statutory right to bring a third-party CERCLA § 113 claim in response to

Plaintiff's CERCLA § 107 SYW-12 claim, (d) any post-pleading assertion by Plaintiff that it will

only seek several liability, ignores the standard of review which limits the Court to assess the

viability of what is actually alleged in the pleadings, and (e) Second Third-Party Shell Defendant

fails to cite to any law that permits Plaintiff to "strip [Defendants] of [their] statutory right to

bring a Section 113 contribution claim once sued under Section 107, by merely representing that

its seeking only several liability"; (2) Defendants agree with Second Third-Party Shell

Defendant's arguments that Plaintiff's OPA claim against Defendants fails to state a claim

(because Plaintiff failed to present its claim and failed to allege incidents after 1990) however, if

Defendants and Second Third-Party Shell Defendant are incorrect, then the OPA framework

supports Defendants' contribution claims against Second Third-Party Shell Defendant because

33 U.S.C. § 2709 provides Defendants the statutory right to bring a contribution claim; (3)

Defendants' contribution claim pursuant to the Navigation Law survives because (a) the

Navigation Law specifies a remedy of strict liability and under New York law, potential for strict

liability provides a well-settled right to seek contribution, and (b) § 176(8) provides an absolute

right to a defendant sued under § 181(1) to seek contribution from other PRPs; (4) Defendants'

contribution claims are not premature because Fed. R. Civ. P. 14 allows a third-party plaintiff to

join a third-party defendant who may be liable; and (5) standing alone, Defendants' contribution claim under N.Y. C.P.L.R. § 1401 is proper.  (Dkt. No. 175 [Defs.' Opp'n Mem. of Law].)

Generally, in reply to Defendants' opposition, Second Third-Party Shell Defendant asserts the following four arguments: (1) Defendants' CERCLA claims must be dismissed because Defendants only allege release of petroleum by Second Third-Party Shell Defendant; (2) Defendants' OPA claim must be dismissed because the Amended Second Third-Party Complaint alleges that Second Third-Party Shell Defendant ceased operations at Oil City in 1983; (3) Defendants fail to cite any law supporting their contention that they have an "absolute right" to a contribution claim pursuant to New York Navigation law against Second Third-Party Shell Defendant nor did they address the argument that the claim is premature where Defendants have not undertaken remediation of the Oil City site and have not alleged that they incurred response costs; and (4) Defendants' claim pursuant to N.Y. C.P.L.R. § 1401 fails because Defendants have not made any payment nor have Defendants alleged any state law claims sounding in tort.  (Dkt. No. 183 [Second Third-Party Shell Def.'s Reply Mem. of Law].)

### G.    Parties' Briefing on Second Third-Party Kinder Defendant's Motion to Dismiss the Amended Second Third-Party Complaint

Generally, in support of its motion to dismiss, Second Third-Party Kinder Defendant asserts the following two arguments: (1) Defendants failed to plead facts sufficient to state a claim against it because (a) the bare-boned conclusory allegations regarding Second Third-Party Kinder Defendant and its predecessors are insufficient under the pleading standard set forth in *Twombly* and *Iqbal*, and (b) Defendants fail to allege that Second Third-Party Kinder Defendant or its predecessors owned or operated the facilities at the time that hazardous substances were disposed of, or are otherwise responsible for such disposal; and (2) Defendants cannot state a claim for contribution against Second Third-Party Kinder Defendant because Plaintiff only seeks

15

Defendants' proportionate share of costs.  (*See generally* Dkt. No. 144, Attach. 1 [Second Third-Party Kinder Def.'s Mem. of Law].)

Generally, in opposition[16] to Second Third-Party Kinder Defendant's motion to dismiss, Defendants assert the following four arguments: (1) each claim of the Amended Second Third-Party Complaint states a viable claim for contribution because (a) with respect to Defendants' third-party CERCLA § 113 claim derivative of Plaintiff's CERCLA § 107 claim, Plaintiff's Complaint clearly and explicitly seeks joint and several liability against Defendants, (b) Defendants have a statutory right to bring a third-party CERCLA § 113 claim derivative of Plaintiff's CERCLA § 107 claim against other PRPs, (c) Second Third-Party Kinder Defendant does not cite to any authority for its argument that Defendants' third-party CERCLA § 113 claims derivative of Plaintiff's CERCLA § 113 claims must be dismissed and, in fact, *Atlantic Research*, which is cited by Second Third-Party Kinder Defendant, supports Defendants' claims because Plaintiff seeks to hold Defendants liable based on a percentage of liability in relation to other Oil City PRPs, (d) the Navigation Law specifies a remedy of strict liability and, under New York law, potential for strict liability provides a well-settled right to seek contribution, (e) New York Navigation Law § 176(8) provides an absolute right to a defendant sued under § 181(1) to seek contribution from other PRPs, and (f) the OPA provides Defendants the statutory right to bring a contribution claim pursuant to 33 U.S.C. § 2709; (2) Defendants' contribution claims are not premature because Fed. R. Civ. P. 14 allows a third-party plaintiff to join a third-party defendant who may be liable; (3) judicial efficacy and the federal rules support Defendants'

---

[16]    Defendants agree that "when [Plaintiff]'s Complaint against [Defendants] is dismissed, so too should [Defendants'] Amended Second Third-Party Complaint against Kinder be dismissed.  However, assuming *arguendo* the Court denies [Defendants'] Motion for Judgement on the Pleadings, the Court should similarly deny Kinder Morgan's motion to dismiss."  (Dkt. No. 179 at 7.)

impleader claims because (a) the voluminous discovery that will be necessary is due to the facts that have already been placed at issue by Plaintiff, (b) no party makes the assertion that the delay of permitting Defendants' third-party claims to proceed would be greater than it would if Second Third-Party Defendants were sued in separate later actions, and (c) no party has articulated concrete prejudice to as a result of the initiation of the Second Third-Party action; and (4) standing alone, Defendants' contribution claim under N.Y. C.P.L.R. § 1401 is proper.  (Dkt. No. 179 [Defs.' Opp'n Mem. of Law].)

Generally, in reply to Defendants' opposition, Second Third-Party Kinder Defendant asserts the following six arguments: (1) Defendants' claims against Second Third-Party Kinder Defendant must be dismissed because Defendants did not assert that Second Third-Party Kinder or any of its predecessors released any contaminants during their alleged operations at Oil City; (2) *Atlantic Research* explicitly disallows Defendants' CERCLA § 113 claims derivative of Plaintiff's CERCLA § 113 claims because Defendants' claims must be contingent on the inequitable distribution of common liability and Plaintiff seeks only Defendants' equitable share of liability; (3) Defendants cannot assert a third-party CERCLA § 113 claim derivative of Plaintiff's CERCLA § 107 claim where Plaintiff has clarified that it is not seeking joint and several liability from Defendants particularly where, Plaintiff's Complaint explicitly limits its claim for monetary relief to Defendants' equitable share; (4) Defendants cannot seek contribution pursuant to the New York Navigation Law because (a) Plaintiff does not seek strict liability and instead limits its recovery pursuant to the Navigation Law to only several liability for Defendants' equitable share, and (b) Defendants have not undertaken remediation of the Oil City site and have not alleged that they incurred response costs; (5) Defendants' contribution claim pursuant to the OPA cannot survive because Plaintiff stipulated that it only seeks

Defendants' equitable share; and (6) merely holding relevant information that may be obtained

via a third-party subpoena is not a basis for impleading parties and extending the reach of Fed. R.

Civ. P. 14. (Dkt. No. 186 [Second Third-Party Kinder Def.'s Reply Mem. of Law].)

### H.    Parties' Briefing on Second Third-Party Hess Defendant's Motion to Dismiss

Generally, in support of its motion to dismiss, Second Third-Party Hess Defendant asserts

the Defendants cannot state a claim for contribution against Second Third-Party Hess Defendant

because Plaintiff only seeks Defendants' proportionate share of costs. (*See generally* Dkt. No.

145, Attach. 1 [Second Third Party Hess Def.'s Mem. of Law].)

Generally, in opposition[17] to Second Third-Party Hess Defendant's motion to dismiss,

Defendants assert the following four arguments: (1) each claim of the Amended Second Third-

Party Complaint states a viable claim for contribution because (a) with respect to Defendants'

third-party CERCLA § 113 claim derivative of Plaintiff's CERCLA § 107 claim, Plaintiff's

Complaint clearly and explicitly seeks joint and several liability against Defendants, (b)

Defendants have a statutory right to bring a third-party CERCLA § 113 claim derivative of

Plaintiff's CERCLA § 107 claim against other PRPs, (c) Second Third-Party Hess Defendant

does not cite to any authority for its argument that Defendants' third-party CERCLA § 113

claims derivative of Plaintiff's CERCLA § 113 claims must be dismissed and, in fact, *Atlantic*

*Research*, which is cited by Second Third-Party Hess Defendant, supports Defendants' claims

because Plaintiff seeks to hold Defendants liable based on a percentage of liability in relation to

other Oil City PRPs, (d) the Navigation Law specifies a remedy of strict liability and, under New

---

[17]    Defendants agree that "when [Plaintiff]'s Complaint against [Defendants] is dismissed,
so too should [Defendants'] Amended Second Third-Party Complaint against Hess be dismissed.
However, assuming *arguendo* the Court denies [Defendants'] Motion for Judgement on the
Pleadings, the Court should similarly deny Hess's motion to dismiss." (Dkt. No. 174 at 7.)

York law, potential for strict liability provides a well-settled right to seek contribution, (e) New

York Navigation Law § 176(8) provides an absolute right to a defendant sued under § 181(1) to

seek contribution from other PRPs, and (f) the OPA provides Defendants the statutory right to

bring a contribution claim pursuant to 33 U.S.C. § 2709; (2) Defendants' contribution claims are

not premature because Fed. R. Civ. P. 14 allows a third-party plaintiff to join a third-party

defendant who may be liable; (3) judicial efficacy and the federal rules support Defendants'

impleader claims because (a) the voluminous discovery that will be necessary is due to the facts

that have already been placed at issue by Plaintiff, (b) no party makes the assertion that the delay

of permitting Defendants' third-party claims to proceed would be greater than it would if Second

Third-Party Defendants were sued in separate later actions, and (c) no party has articulated

concrete prejudice as a result of the initiation of the Second Third-Party action; and (4) standing

alone, Defendants' contribution claim under N.Y. C.P.L.R. § 1401 is proper.  (Dkt. No. 174

[Defs.' Opp'n Mem. of Law].)

       Generally, in reply to Defendants' opposition, Second Third-Party Hess Defendant

asserts the following five arguments: (1) *Atlantic Research* explicitly disallows Defendants'

CERCLA § 113 claims derivative of Plaintiff's CERCLA § 113 claims because Defendants'

claims must be contingent on the inequitable distribution of common liability and Plaintiff seeks

only Defendants' equitable share of liability; (2) Defendants cannot seek contribution pursuant to

CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim where Plaintiff has clarified that

it is not seeking joint and several liability from Defendants particularly where, Plaintiff's

Complaint explicitly limits its claim for monetary relief to Defendants' equitable share; (3)

Defendant cannot seek contribution pursuant to the New York Navigation Law because (a)

Plaintiff does not seek strict liability and instead limits its recovery pursuant to the Navigation

Law to only several liability for Defendants' equitable share, and (b) Defendants have not undertaken remediation of the Oil City site and have not alleged that they incurred response costs; (4) Defendants' contribution claim pursuant to the OPA cannot survive because Plaintiff stipulated that it only seeks Defendants' equitable share; and (5) merely holding relevant information that may be obtained via a third-party subpoena is not a basis for impleading parties and extending the reach of Fed. R. Civ. P. 14. (Dkt. No. 185 [Second Third-Party Hess Def.'s Reply Mem. of Law].)

## I.    Parties' Briefing on Second Third-Party Atlantic Defendant's Motion to Dismiss the Amended Second Third-Party Complaint

Generally, in support of its motion to dismiss, Second Third-Party Atlantic Defendant asserts the following three arguments: (1) Second Third-Party Atlantic Defendant "adopts" the arguments that Plaintiff made in its motion to strike including that (a) Defendants cannot assert a claim for contribution because Plaintiff seeks only Defendants' proportionate share of costs, (b) allowing Defendants' Amended Second Third-Party Complaint to proceed would significantly delay resolution of Plaintiff's main action, and (c) alternatively, Defendants' claims should be stayed pending resolution of the main action; (2) the Amended Second Third-Party Complaint fails to state a claim upon which relief can be granted because there is no potential for Defendants to be jointly and severally liable as to any of Plaintiff's claims; and (3) the Amended Second Third-Party Complaint should be dismissed for lack of subject matter jurisdiction because Defendants' claims are not ripe for adjudication, nor do Defendants have standing to assert them, until Defendants are jointly and severally liable to Plaintiff for at least some of the claims in the Complaint. (*See generally* Dkt. No. 146, Attach. 1 [Second Third-Party Atlantic Def.'s Mem. of Law].)

Generally, in opposition[18] to Second Third-Party Atlantic Defendant's motion to dismiss,

Defendants assert the following four arguments: (1) Plaintiff's arguments in its motion to strike

do not provide a basis to dismiss Defendants' claims against Second Third-Party Atlantic

Defendant; (2) each claim of the Amended Second Third-Party Complaint states a viable claim

for contribution because (a) with respect to Defendants' third-party CERCLA § 113 claim

derivative of Plaintiff's CERCLA § 107 claim, Plaintiff's Complaint clearly and explicitly seeks

joint and several liability against Defendants, (b) Defendants have a statutory right to bring a

third-party CERCLA § 113 claim derivative of Plaintiff's CERCLA § 107 claim against other

PRPs, (c) Second Third-Party Atlantic Defendant does not cite to any authority for its argument

that Defendants' third-party CERCLA § 113 claims derivative of Plaintiff's CERCLA § 113

claims must be dismissed and, in fact, *Atlantic Research*, which is cited by Second Third-Party

Atlantic Defendant, supports Defendants' claims because Plaintiff seeks to hold Defendants

liable based on a percentage of liability in relation to other Oil City PRPs, (d) the Navigation

Law specifies a remedy of strict liability and, under New York law, potential for strict liability

provides a well-settled right to seek contribution, (e) New York Navigation Law § 176(8)

provides an absolute right to a defendant sued under § 181(1) to seek contribution from other

PRPs, and (f) the OPA provides Defendants the statutory right to bring a contribution claim

pursuant to 33 U.S.C. § 2709; (3) Defendants' contribution claims are not premature because

Fed. R. Civ. P. 14 allows a third-party plaintiff to join a third-party defendant who may be liable;

---

[18]     Defendants agree that "when [Plaintiff]'s Complaint against [Defendants] is dismissed,
so too should [Defendants'] Amended Second Third-Party Complaint against [Second Third-
Party Atlantic] be dismissed.  However, assuming *arguendo* the Court denies [Defendants']
Motion for Judgement on the Pleadings, the Court must similarly deny [Second Third-Party
Atlantic Defendant]'s motion to dismiss."  (Dkt. No. 176 at 6.)

and (4) standing alone, Defendants' contribution claim under N.Y. C.P.L.R. § 1401 is proper. (Dkt. No. 176 [Defs.' Opp'n Mem. of Law].)

Generally, in reply to Defendants' opposition, Second Third-Party Atlantic Defendant asserts the following two arguments: (1) Second Third-Party Atlantic Defendant adopts the arguments of Plaintiff and the other Second Third-Party Defendants who have moved to dismiss the Amended Second Third-Party Complaint; and (2) Defendants' contribution claims against Second Third-Party Atlantic Defendant must be dismissed or in the alternative, stayed pending resolution of the main action because (a) Plaintiff has limited each of its claims against Defendants to contribution for Defendants' proportionate share of the costs that Plaintiff incurred and thus, Defendants have no basis to assert contribution claims against Second Third-Party Atlantic Defendant, (b) Defendants' Navigation Law claim fails because Defendants have not provided any cleanup or removal of the discharged petroleum as required under that statute, and (c) Defendants' equitable share of damages may be properly determined without the inclusion of Second Third-Party Defendants as actual parties in this litigation.  (Dkt. No. 189 [Second Third-Party Atlantic Def.'s. Reply Mem. of Law].)

**J.    Parties' Briefing on Second Third-Party Citgo Defendant's Motion to Dismiss the Amended Second Third-Party Complaint**

Generally, in support of its motion to dismiss, Second Third-Party Citgo Defendant asserts the following five arguments: (1) Defendants cannot state a claim pursuant to CERCLA § 113(f) derivative of Plaintiff's CERCLA § 113(f) claims because Defendants cannot show that it is or was subject to (a) a CERCLA § 106 or § 107(a) claim, or (b) an administrative or judicially approved settlement; (2) Second Third-Party Citgo Defendant "adds and incorporates" its arguments in its motion to dismiss in *Honeywell III* and asserts that Defendants' CERCLA § 113 claim derivative of Plaintiff's CERCLA § 107(a) claim for SYW-12 fails to allege facts plausibly

suggesting the release of non-petroleum hazardous substances from Second Third-Party Citgo Defendant's operations that resulted in response costs related to SYW-12; (3) Defendants cannot state a claim for contribution pursuant to OPA because (a) they have not been deemed a "responsible party" under the act and have not incurred removal costs, and (b) the claim fails to allege facts plausibly suggesting an actionable oil spill by Second Third-Party Citgo Defendant after the effective date of the Act; (4) Defendants cannot assert a contribution claim pursuant to the New York Navigation Law; and (5) Second Third-Party Citgo Defendant is already a direct defendant to Plaintiff related to the same contamination sites (in *Honeywell III*) and thus, Defendants' claim for contribution should be dismissed.  (*See generally* Dkt. No. 147, Attach. 1 [Second Third Party Citgo Def.'s Mem. of Law].)

Generally, in opposition[19] to Second Third-Party Citgo Defendant's motion to dismiss, Defendants assert the following seven arguments: (1) Defendants' third-party CERCLA § 113 claims derivative of Plaintiff's CERCLA § 113 claims state a claim for relief because Plaintiff seeks to hold Defendants liable based on a percentage of liability in relation to other Oil City PRPs and thus, Second Third-Party Defendants are necessary to determine each entity's liability; (2) Defendants' third-party CERCLA § 113 claim derivative of Plaintiff's CERCLA § 107 claim, sufficiently states a plausible claim for relief because (a) Plaintiff's Complaint clearly and explicitly seeks joint and several liability against Defendants, (b) Defendants have a statutory right to bring a third-party contribution claim against other PRPs, and (c) the petroleum exclusion "does not extend to [Defendants'] claims for contribution"; (3) Defendants'

---

[19]    Defendants agree that "when [Plaintiff]'s Complaint against [Defendants] is dismissed[,] so too should [Defendants'] Amended Second Third-Party Complaint against Citgo be dismissed.  However, assuming *arguendo* the Court denies [Defendants'] Motion for Judgement on the Pleadings, the Court must similarly deny Citgo's motion to dismiss."  (Dkt. No. 178 at 7.)

contribution claims are not premature because Fed. R. Civ. P. 14 allows a third-party plaintiff to

join a third-party defendant who may be liable; (4) Defendants' OPA claims for contribution are

proper because Plaintiff's failure to (a) comply with the condition precedent of presentment, (b)

be deemed a "responsible party," and (c) allege incidents after 1990, are all valid bases for

dismissing Plaintiff's OPA claim, and thus Defendants' contribution claim derivative of

Plaintiff's OPA claim, but if the Court disagrees, and Plaintiff's OPA claim survives, then

Defendants' derivative contribution claim is proper since there is a statutory right to bring a

contribution claim pursuant to 33 U.S.C. § 2709; (5) Defendants' state law claims are proper

because (a) the Navigation Law specifies a remedy of strict liability and, under New York law,

potential for strict liability provides a well-settled right to seek contribution, (b) New York

Navigation Law § 176(8) provides an absolute right to a defendant sued under § 181(1) to seek

contribution from other PRPs, and (c) Defendants' claims pursuant to N.Y. C.P.L.R. § 1401 are

proper because "to determine any one Oil City PRPs' alleged percentage of liability, all are

necessary"; (6) judicial efficacy and the federal rules support Defendants' impleader claims

because (a) the voluminous discovery that will be necessary is due to the facts that have already

been placed at issue by Plaintiff, (b) no party makes the assertion that the delay of permitting

Defendants' third-party claims to proceed would be greater than it would if Second Third-Party

Defendants were sued in separate later actions, and (c) no party has articulated concrete

prejudice as a result of the initiation of the Second Third-Party action; and (7) standing alone,

Defendants' contribution claim under N.Y. C.P.L.R. § 1401 is proper.  (Dkt. No. 178 [Defs.'

Opp'n Mem. of Law].)

Generally, in reply to Defendants' opposition, Second Third-Party Citgo Defendant

asserts the following four arguments: (1) Defendants cannot assert a claim pursuant to CERCLA

§ 113 derivative of Plaintiff's CERCLA § 113 claims because such claims are not based on either (a) a claim pursuant to CERCLA § 106 or § 107, or (b) part of an administrative or judicially approved settlement; (2) the Amended Second Third-Party Complaint fails to allege that Second Third-Party Citgo Defendant released a "hazardous substance" under CERCLA, such that Defendants' claims should be dismissed; (3) Defendant has not (a) been named a responsible party, (b) incurred oil related removal costs, or (c) alleged any post-1990 oil spill attributable to Second Third-Party Citgo Defendant, and thus, cannot state a claim for contribution pursuant to OPA; and (4) the ability to accelerate unripe claims pursuant to Fed. R. Civ. P. 14, does not eliminate the requirement of establishing a substantive claim and thus, Defendants cannot state a claim under N.Y. Navigation Law or N.Y. C.P.L.R. § 1401 because (a) Defendants have not alleged that they incurred clean up or removal costs with respect to their New York Navigation Law claim, and (b) N.Y. C.P.L.R. § 1401 requires an underlying substantive claim to be alleged and Defendants have not met the elements for any of its underlying claims.  (Dkt. No. 197 [Second Third-Party Citgo Def.'s. Reply Mem. of Law].)

### K.    Parties' Briefing on Second Third-Party Kinder Defendant's Motion to Dismiss Chevron's Cross-Claims

Generally, in support of its motion to dismiss, Second Third-Party Kinder Defendant asserts the following two arguments: (1) Defendants and Second Third-Party Chevron Defendants have failed to allege facts sufficient to state a claim against Second Third-Party Kinder Defendant because they failed to allege that Second Third-Party Kinder Defendant (a) released contamination into the environment, (b) owned or operated facilities at the time that hazardous substances were disposed of, or (c) are otherwise responsible for such disposal; and (2) Second Third-Party Chevron Defendants cannot state a claim for contribution against Second Third-Party Kinder Defendant because Plaintiff only seeks Defendants' proportionate share of

costs and thus, Defendants do not have a viable contribution claim against Second Third-Party Chevron Defendants and Second Third-Party Chevron Defendants do not have a viable contribution cross-claim against Second Third-Party Kinder Defendant.  (Dkt. No. 159, Attach. 1 [Second Third-Party Kinder Defendant's Mem. of Law].)

Generally, in opposition[20] to Second Third-Party Kinder Defendant's motion to dismiss, Second-Third Party Chevron Defendants assert that should Defendants' third-party contribution claims survive Plaintiff's motion to strike and Second Third-Party Defendants' motions to dismiss, then Second Third-Party Chevron Defendants' cross-claims against Second Third Party Kinder Defendant should likewise survive.  (Dkt. Nos. 172-173 [Second Third-Party Chevron Defs.' Opp'n].)

Generally, in reply, Second Third-Party Kinder Defendant asserts that Second Third-Party Chevron Defendants "agree[] that Buckeye does not have any viable claims for contribution against the third-party defendants.  Therefore, by extension, Chevron does not have any viable claims for contribution against Kinder Morgan because Chevron's contribution claims are entirely predicated on non-viable contribution claims by Buckeye.  Chevron's Response essentially states that Chevron is asserting cross-claims against Kinder Morgan out of an abundance of caution, in case any of Buckeye's contribution claims survive."  (Dkt. No. 188 at 2 [Second Third-Party Kinder Def.'s Reply].)

---

[20]    In the future, Second Third-Party Chevron Defendants' counsel is cautioned to comply with N.D.N.Y. L.R. 7.1(a)(2), which provides "[a]n affidavit must not contain legal arguments but must contain factual and procedural background that is relevant to the motion the affidavit supports."  In addition, counsel is cautioned to comply with Local Rule 7.1(a)(1)'s requirement that "[a]ll memoranda of law shall contain a table of contents."

**L.    Parties' Briefing on Second Third-Party Hess Defendant's Motion to Dismiss Chevron's Cross-Claims**

Generally, in support of its motion to dismiss, Second Third-Party Hess Defendant asserts that Second Third-Party Chevron Defendants cannot state a claim for contribution against them because Plaintiff only seeks Defendants' proportionate share of costs and thus, Defendants do not have a viable contribution claim against Second Third-Party Chevron Defendants and Second Third-Party Chevron Defendants do not have a viable contribution cross-claim against Second Third-Party Hess Defendant.  (Dkt. No. 160, Attach. 1 [Second Third-Party Hess Defendant's Mem. of Law].)

Generally, in opposition[21] to Second Third-Party Hess Defendant's motion to dismiss, Second-Third Party Chevron Defendants assert that should Defendants' third-party contribution claims survive Plaintiff's motion to strike and Second Third-Party Defendants' motions to dismiss, then Second Third-Party Chevron Defendants' cross-claims against Second Third-Party Hess Defendant should likewise survive.  (Dkt. Nos. 172-173 [Second Third-Party Chevron Defs.' Opp'n].)

Generally, in reply, Second Third-Party Hess Defendant asserts that Second Third-Party Chevron Defendants "agree[] that Buckeye does not have any viable claims for contribution against the third-party defendants.  Therefore, by extension, Chevron does not have any viable claims for contribution against Hess because Chevron's contribution claims are entirely

---

[21]    In the future, Second Third-Party Chevron Defendants' counsel is cautioned to comply with N.D.N.Y. L.R. 7.1(a)(2), which provides "[a]n affidavit must not contain legal arguments but must contain factual and procedural background that is relevant to the motion the affidavit supports."  In addition, counsel is cautioned to comply with Local Rule 7.1(a)(1)'s requirement that "[a]ll memoranda of law shall contain a table of contents."

predicated on non-viable contribution claims by Buckeye.  Chevron's Response essentially states

that Chevron is asserting cross-claims against Hess out of an abundance of caution, in case any

of Buckeye's contribution claims survive."  (Dkt. No. 187 at 2 [Second Third-Party Hess Def.'s

Reply].)

### M.    Parties' Briefing on Second Third-Party Chevron Defendants' Motion for Judgment on the Pleadings with Respect to the Amended Second Third-Party Complaint

Generally, in support of their motion for judgment on the pleadings, Second Third-Party

Chevron Defendants "adopt" various portions of other Second Third-Party Defendants' motions

to dismiss.  (Dkt. No. 162 [Second Third-Party Chevron Defendants' Mot.]; Dkt. No. 163

[Second Third-Party TRMI Defendants' Mot.].)[22]

Generally, in opposition[23] to Second Third-Party Chevron Defendants' motion for

judgment on the pleadings, Defendants assert the following two arguments: (1) the Court should

not consider the legal arguments made in the attorney affidavit; and (2) Defendants incorporate

and adopt their responses to the arguments that Second Third-Party Chevron Defendants

adopted.  (Dkt. No. 181 [Defs.' Opp'n Mem. of Law].)

---

[22]    In the future, Second Third-Party Chevron Defendants' counsel is cautioned to comply with N.D.N.Y. L.R. 7.1(a)(2), which provides "[a]n affidavit must not contain legal arguments but must contain factual and procedural background that is relevant to the motion the affidavit supports."  In addition, counsel is cautioned to comply with Local Rule 7.1(a)(1)'s requirement that "[a]ll memoranda of law shall contain a table of contents."

[23]    Defendants agree that "when [Plaintiff]'s Complaint against [Defendants] is dismissed[,] so too should [Defendants'] Amended Second Third-Party Complaint against Chevron and the Oil City PRPs be dismissed.  However, assuming *arguendo* the Court denies [Defendants'] Motion for Judgement on the Pleadings, the Court must similarly deny Chevron's motion for judgment on the pleadings."  (Dkt. No. 181 at 5.)

## II.    GOVERNING LEGAL STANDARDS

### A.    Legal Standard Governing Motions for Judgment on the Pleadings and Motions to Dismiss for Failure to State a Claim

Rule 12(c) of the Federal Rules of Civil Procedure "permits the entry of judgment as a matter of law on the basis of the pleadings alone." *Barber v. RLI Ins. Co.*, 06-CV-0630, 2008 WL 5423106, at *2 (N.D.N.Y. Dec. 24, 2008) (Scullin, J.) (citing *Jackson v. Immediate Credit Recovery, Inc.*, 05-CV-5697, 2006 WL 343180, at *4 (E.D.N.Y. Nov. 28, 2006)). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (collecting cases).

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain"

pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F.

Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has

held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ.

P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of

what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at

212, n.17 (citing Supreme Court cases) (emphasis added).[24]

The Supreme Court has explained that such *fair notice* has the important purpose of

"enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision

on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases);

*Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing

Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal"

notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d

ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding

that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.

2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an

appellate decision holding that a complaint had stated an actionable antitrust claim under 15

U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court

"retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957),

---

[24]     *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." *Twombly*, 127 S. Ct. at 1968-69.  Rather than turn on the *conceivability* of an

actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an

actionable claim.  *Id*. at 1965-74.  The Court explained that, while this does not mean that a

pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the

pleading must contain at least "some factual allegation[s]."  *Id*. at 1965.  More specifically, the

"[f]actual allegations must be enough to raise a right to relief above the speculative level [to a

plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

129 S. Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense. . . .  [W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

show[n]–that the pleader is entitled to relief."  *Iqbal*, 129 S. Ct. at 1950 [internal quotation marks

and citations omitted].  However, while the plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability

requirement."  *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to

relief, "the tenet that a court must accept as true all of the allegations contained in the complaint

is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement"

will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

(citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a

dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal

pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the

four corners of the complaint may be considered without triggering the standard governing a

motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer,

(2) documents incorporated by reference in the complaint (and provided by the parties), (3)

documents that, although not incorporated by reference, are "integral" to the complaint, or (4)

any matter of which the court can take judicial notice for the factual background of the case.[25]

---

[25]    *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a
pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573,
2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to
dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed.
R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the
complaint or answer, [2] documents incorporated by reference in the complaint (and provided by
the parties), [3] documents that, although not incorporated by reference, are "integral" to the
complaint, or [4] any matter of which the court can take judicial notice for the factual
background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)
(explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may
consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and
documents incorporated by reference in the complaint. . . . Where a document is not
incorporated by reference, the court may neverless consider it where the complaint relies heavily
upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . .
However, even if a document is 'integral' to the complaint, it must be clear on the record that no
dispute exists regarding the authenticity or accuracy of the document. It must also be clear that
there exist no material disputed issues of fact regarding the relevance of the document.")
(internal quotation marks and citations omitted); *Chambers v. Time Warner, Inc.*, 282 F.3d 147,
152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as

B.  **Legal Standard Governing Motions to Dismiss for Lack of Subject-Matter Jurisdiction**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *N.Y. by Schneiderman v. Utica City Sch. Dist.*, 177 F. Supp. 3d 739, 745 (N.D.N.Y. 2016) (Hurd, J.) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  Notably, "the plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).  In evaluating a motion to dismiss for lack of subject matter jurisdiction, the Court "'must accept as true all material factual allegations in the complaint' but should not draw 'argumentative inferences to the party asserting jurisdiction.'"  *Cole v. Zucker*, 17-CV-0251, 2019 WL 974820, at *3 (N.D.N.Y. Feb. 28, 2019) (Scullin, J.) (quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992)).

C.  **Legal Standard Governing Motions to Strike**

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1).

"Any party may move to strike the third-party claim, to sever it, or to try it separately."  Fed. R. Civ. P. 14(a)(4).  Motions to strike are disfavored, and "courts should not tamper with

---

an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 893 (2d Cir. 1976). "Evidentiary questions . . . should especially be avoided at such a preliminary stage of the proceedings." *Lipsky,* 551 F.2d at 893. "In deciding a motion to strike, a court will not consider matters outside the pleadings, and well-pleaded facts will be accepted as true." *Index Fund, Inc. v. Hagopian*, 107 F.R.D. 95, 100 (S.D.N.Y. 1985). Where "both parties bolster their papers with affidavits and other extrinsic evidence," such extrinsic materials "cannot be considered in a true motion to strike," unless the motion to strike is treated as a motion for summary judgment, notwithstanding that "conversion of a motion to strike into a motion for summary judgment is not explicitly authorized by the Federal Rules of Civil Procedure." *Paretti v. Cavalier Label Co.*, 702 F. Supp. 81, 85 (S.D.N.Y. 1988).

### D. Legal Standard Governing Liability Under CERCLA

CERCLA is a comprehensive federal law governing the remediation of hazardous waste sites. CERCLA created several distinct provisions that authorize parties in different procedural positions to recover costs incurred in cleaning up contamination: "(1) section 107(a), which permits the general recovery of cleanup and prevention costs; (2) section 113(f)(1), which creates a contribution right for parties liable or potentially liable under CERCLA; and (3) section 113(f)(3)(B), which creates a contribution right for parties that have resolved their liability by settlement." *Consol. Edison v. UGI Utils., Inc.,* 423 F.3d 90, 94 (2d Cir. 2005); *see also United States v. Atl. Research Corp.,* 551 U.S. 128, 139-41 (2007) (holding CERCLA section 107(a) provides potentially responsible parties with cause of action to recover necessary costs of response from other PRPs); *Cooper Indus., Inc. v. Aviall Servs., Inc.,* 543 U.S. 157, 165-68 (2004) (holding that private parties who have not been sued in a CERCLA administrative or cost recovery action may not bring a contribution suit under section 113).

34

E.     **Legal Standard Governing Incorporating Another Party's Motion by Reference**

Generally, litigants are not permitted to "join in" on another's motions.  *Cf. Nissan Motor Acceptance Corp. v. Dealmaker Nissan, LLC*, 09-CV-0196, 2012 WL 2522651, at *2 (N.D.N.Y. June 27, 2012) (Suddaby, J.) ("Setting aside the risk that such reference could cause the referring document to violate the District's rule on page limitations (once it is incorporated into the referred document), such a practice also risks causing the opposing party to inadvertently overlook the attempted incorporation, and risks confusing the Court as to which 'incorporated' arguments are actually being relied upon.").

III.     **ANALYSIS**[26]

A.     **Defendants' Amended Second Third-Party Complaint**

1.     **Defendants' Third-Party CERCLA § 113 Claim Derivative of Plaintiff's CERCLA § 107 Claim**

After carefully considering the matter, to the extent that Plaintiff's CERCLA claims survive Defendants' motion for judgment on the pleadings—as recommended in the undersigned's Order and Report-Recommendation dated April 24, 2020, I recommend that Defendants' third-party CERCLA § 113 claim derivative of Plaintiff's CERCLA § 107 claim, survive Plaintiff's motion to strike, Second Third-Party Defendants' motions to dismiss, and Second Third-Party Chevron Defendants' motion for judgment on the pleadings.

---

[26]     To the extent that any party sought to "adopt" and join another party's arguments, I find no reason to depart from the general rule here, that litigants are not permitted to "join in" one another's motions.  *Nissan Motor Acceptance Corp.*, 2012 WL 2522651, at *2.  Under the circumstances, barring some extraordinary circumstance of which the undersigned is not aware, each party must file their own motion and not incorporate by reference any other motion (due to the risk of confusion and potential violation of the applicable page limitations).

"Congress expressly authorized contribution under CERCLA when it added Section 113 to the statutory scheme in enacting the Superfund Amendments and Reauthorization Act ("SARA"), 100 Stat. 1613." *101 Frost St. Assocs., L.P. v. United States Dep't of Energy*, 17-CV-3585, 2019 WL 4415387, at *4 (E.D.N.Y. Sept. 16, 2019). Section 113 "provides two express avenues for contribution: § 113(f)(1) ("during or following" specified civil actions) and § 113(f)(3)(B) (after an administrative or judicially approved settlement that resolves liability to the United States or a State)." *Cooper Indus., Inc. v. Availl Servs., Inc.*, 543 U.S. 157, 167 (2004); *see United States v. Atlantic Research Corporation*, 551 U.S. 128, 139 (2007) (explaining that "Section 113(f)(1) authorizes a contribution action to PRPs with common liability stemming from an action instituted under § 106 or § 107(a)."). Defendants' CERCLA § 113 claim derivative of Plaintiff's CERCLA § 107 claim clearly falls within the first avenue of relief for obtaining contribution.

As set forth above in Part II of this Report Recommendation, on a motion to dismiss or a motion to strike, the Court is generally limited to reviewing the four corners of the pleading. Therefore, I do not consider Plaintiff's counsel's affidavit, which asserts that Plaintiff "seeks to recover from [Defendants] only [Defendants'] proportionate *pro rata* share of [Plaintiff's] costs," because it is beyond the scope of documents the Court may consider on a motion to strike or dismiss. (Dkt. No. 123, Attach. 2 at ¶ 8.) Based on the Complaint, Plaintiff seeks "[a] declaratory judgment . . . defining Defendants as jointly and severally liable for these future costs that will be binding in any subsequent action or actions that [Plaintiff] may bring to recover response costs against Defendants." (Dkt. No. 1 at ¶ 275.) As a result, I reject Plaintiff and Second Third-Party Defendants' arguments that Defendants' third-party CERCLA § 113 claim derivative of Plaintiff's CERCLA § 107 claim must be dismissed for failure to state a claim

36

because Plaintiff seeks only Defendants' proportionate share of costs. *See MPM Silicones, LLC v. Union Carbide Corp.*, 966 F.3d 200, 214 (2d Cir. 2020) (citing 42 U.S.C. § 9613(f)(1); *Cooper Indus., In. v. Aviall Servs., Inc.*, 543 U.S. 157, 162-63 (2004)) ("Section 113(f)(1) permits a party which has been sued for cost reimbursement under Section 107 of CERCLA to sue other potentially responsible parties for contribution.").

In addition, construing the allegations of the the Amended Second Third-Party Complaint in the light most favorable to Defendants, I find that it alleges facts plausibly suggesting that, in addition to petroleum contamination, (with the exception of Second Third-Party Kinder Defendant) Second Third-Party Defendants' operations at Oil City resulted in the disposal of hazardous wastes. For example, the Amended Second Third-Party Complaint alleges that Second Third-Party Defendants' operations resulted in the "disposal of hazardous wastes including PCB wastes, PCP wastes, barium, mercury, lead, methanol, slop, sludge, and other hazardous wastes." (Dkt. No. 108 at ¶ 59); *see Fitzgibbobns v. City of Oswego*, 10-CV-1038, 2011 WL 6218208, at *9 (N.D.N.Y. Dec. 13, 2011) (Scullin, J.) ("Ultimately, Plaintiff must prove that the construction and demolition material at issue contains hazardous substances to succeed on the merits of his CERCLA claim; however, at this stage, it is sufficient that Plaintiff has pled that the County Defendant disposed of wastes containing hazardous substances while the County Defendant owned the Landfill. . . . In any event, what this material actually consists of and whether or not it constitutes a hazardous substance involves questions of fact that cannot be decided at this early stage of the proceedings.").

As a result, I recommend that Defendants' CERCLA § 113 claim derivative of Plaintiff's CERCLA § 107 claim survive.

However, with respect to Second Third-Party Kinder Defendant, I recommend that Defendants' CERCLA § 113 claim derivative of Plaintiff's CERCLA § 107 claim be dismissed for failure to state a claim upon which relief may be granted.  As set forth in Second Third-Party Kinder Defendant's memoranda of law, Defendants failed to allege facts sufficient to state a claim against it.  (Dkt. No. 144, Attach. 1 at 9-10; Dkt. No. 186 at 6-7.)

### 2.  Defendants' CERCLA § 113 Claims Derivative of Plaintiff's CERCLA § 113 Claims

After carefully considering the matter, to the extent that Plaintiff's CERCLA claims survive Defendants' motion for judgment on the pleadings—as recommended in the undersigned's Order and Report-Recommendation dated April 24, 2020, I recommend that for the reasons set forth in Second Third-Party Citgo Defendants' memoranda of law (Dkt. Nos. 147, 197), Defendants' CERCLA § 113 claims derivative of Plaintiff's CERCLA § 113 claims be dismissed and that Plaintiff's motion to strike, Second Third-Party Defendants' motions to dismiss, and Second Third-Party Chevron Defendants' motion for judgment on the pleadings be granted with respect to those claims.  The following is intended to supplement but not supplant those reasons.

Defendants do not and cannot state a third-party claim for contribution pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, because these claims are not based on either (1) a civil action under section 106 or 107(a), or (2) an administrative or judicially approved settlement.  42 U.S.C. § 9613(f)(1); 42 U.S.C. § 9613(f)(3)(B); *see United States v. Atlantic Research Corp.,* 551 U.S. 128, 139 (2007) ("Section 113(f)(1) authorizes a contribution action to PRPs with common liability stemming from an action instituted under § 106 or § 107(a)."); *BASF Corp. v. Albany Molecular Research, Inc.*, 19-CV-0134, 2020 WL 705367, at *7 (N.D.N.Y. Feb. 12, 2020) (Kahn, J.) (dismissing for failure to state a claim, the

plaintiff's claims pursuant to 42 U.S.C. § 9613(f)(1) where "the Complaint does not allege that there was a civil action brought in this matter under CERCLA §§ 106 or 107(a).")  As articulated in Second Third-Party Citgo Defendant's memoranda of law, the language in section 113 that authorizes courts to use equitable factors in allocating response costs among liable parties, does not define who may bring a claim.  (Dkt. No. 147, Attach. 1 at 9-10; Dkt. No. 197 at 5-6.)

In the alternative, as set forth in Plaintiff's motion to strike and Second Third-Party Defendants' motions to dismiss, I recommend dismissal of Defendants' CERCLA § 113 claims derivative of Plaintiff's CERCLA § 113 claims because Plaintiff seeks only contribution from Defendants.  (Dkt. No. 1 at ¶ 329 [seeking relief that Defendants be ordered pursuant to section 113(f) of CERCLA to "contribute their equitable share of response, removal, and/or cleanup costs incurred or to be incurred by" Plaintiff].)  "[A] PRP's right to contribution under § 113(f)(1) is contingent upon an inequitable distribution of common liability among the liable parties."  *Atlantic Research Corp.*, 551 U.S. at 139.  While Defendants argue that the liability of other PRPs will need to be determined to calculate their proportion of liability, that does not plausibly suggest that an inequitable distribution of liability will occur.  Based on the Complaint, there is no allegation that Plaintiff is seeking to recoup an orphan share from Defendants or any other Second Third-Party Defendant.

In addition, in the alternative, for the reasons stated in Part III.A.1. of this Report-Recommendation, I recommend that Defendants' CERCLA § 113 claims derivative of Plaintiff's CERCLA § 113 claims against Second Third-Party Kinder Defendant be dismissed for failure to state a claim upon which relief may be granted.

For each of these reasons, I recommend that Defendants' CERCLA § 113 claims derivative of Plaintiff's CERCLA § 113 claims be dismissed for failure to state a claim.

### 3.    Defendants' Third-Party OPA Claim

As an initial matter, I recommend that Defendants' OPA contribution claim be dismissed because I recommended that Plaintiff's OPA claim against Defendants be dismissed as set forth in the Order and Report-Recommendation dated April 24, 2020.  (Dkt. No. 201 at 34-38.)

In any event, to the extent that Plaintiff's OPA claim survives Defendants' motion for judgment on the pleadings, after carefully considering the matter I still recommend that Defendants' OPA contribution claim be dismissed and that Plaintiff's motion to strike, Second Third-Party Defendants' motions to dismiss, and Second Third-Party Chevron Defendants' motion for judgment on the pleadings be granted with respect to that claim.

The OPA does not define the term contribution.  *In re Settoon Towing, L.L.C.*, 859 F.3d 340, 347 (5th Cir. 2017).  "When a common legal term is used but not specifically defined in a statute, we give that term its general legal meaning."  *In re Settoon Towing, L.L.C.*, 859 F.3d at 347 (citing *Bradley v. United States*, 410 U.S. 605, 609 (1973)).  "An apt definition for contribution is this: 'One tortfeasor's right to collect from joint tortfeasors when, and to the extent that, the tortfeasor has paid more than his or her proportionate share . . . .'"  *Id.* (quoting Black's Law Dictionary (10th ed. 2014)).

Here, Plaintiff seeks only Defendants' proportionate share of costs.  (Dkt. No. 1 at ¶ 329 [seeking relief that Defendants be ordered pursuant to 33 U.S.C. § 2709 to "contribute their equitable share of response, removal, and/or cleanup costs incurred or to be incurred by" Plaintiff].)  As a result, Defendant does not, and cannot, state a claim for contribution against Second Third-Party Defendants.

In addition, in the alternative, for the reasons stated in Part III.A.1. of this Report-Recommendation, I recommend that Defendants' OPA claim derivative of Plaintiff's OPA claim

40

against Second Third-Party Kinder Defendant be dismissed for failure to state a claim upon which relief may be granted.

As a result, I recommend that Defendants' third-party OPA contribution claim be dismissed.[27]

---

[27]    I reject the other arguments set forth by Second Third-Party Defendants seeking dismissal of Defendants' third-party OPA contribution claim. First, OPA's presentment requirement does not require a third-party to present claims to another third-party before filing suit. *Marathon Pipe Line Co. v. LaRoche Indus. Inc.*, 944 F. Supp. 476, 480 (E.D. La. 1996). Second, OPA permits "a person" to "bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law." 33 U.S.C. § 2709. Significantly, the authority to bring an OPA contribution claim is not limited to those deemed "responsible parties." In addition, looking at the statute as a whole, "§ 2713 of the OPA does not address claims *by* a responsible party but instead imposes a presentation requirement on all claims *against* a responsible party or guarantor of the source of the discharge." *Marathon Pipe Line Co. v. LaRoche Indus. Inc.,* 944 F. Supp. 476, 479 (E.D. La. 1996) (citing 33 U.S.C. § 2713). As a result, I find that, to the extent that the Amended Second Third-Party Complaint fails to allege that Defendants are "responsible parties" for purposes of their OPA claim, such a failure is inconsequential to the analysis of whether Defendants failed to allege facts plausibly suggesting a claim of contribution pursuant to the OPA. Third, I find that the Amended Second Third-Party Complaint alleges facts plausibly suggesting incidents involving Second Third-Party Exxon Defendants, Second Third-Party Sunoco Defendants, Second Third-Party Citgo Defendant, and Second Third-Party Shell Defendant, that post-date August 18, 1990. For example, the Amended Second Third-Party Complaint alleges that at Second Third-Party Exxon Defendants' terminal 6, "a spill of approximately 3,000 gallons of gasoline occurred due to a pipeline malfunction in 1995." (Dkt. No. 108 at ¶ 151.) Furthermore, the Amended Second Third-Party Complaint alleges that at Second Third-Party Sunoco Defendants' terminal 3, "operations . . . ceased sometime during the early 1990s with the last of the Sunoco tanks being torn down in 1999. . . . unreported leaks and spills resulted from the continued petroleum operations under Sunoco at Terminal 3." (*Id.* at ¶¶ 104-105.) In addition, the Amended Second Third-Party Complaint alleges that at Second Third-Party Citgo Defendant's terminal 11, "petroleum operations ceased some time during the 1990s with the last of the storage tanks being torn down during 1998. . . . additional, unreported leaks and spills resulted from the continued petroleum operations under Citgo at Terminal 11." (*Id.* at ¶¶ 198-199.) Moreover, the Amended Second Third-Party Complaint alleges that at Second Third-Party Shell Defendant's terminal 5, "operations continued at Terminal 5 until the mid-1990s. Upon information and belief, additional, unreported leaks and spills resulted from the continued petroleum operations under Shell." (*Id.* at ¶¶ 130-131.)

####     4.     Defendants' Third-Party Navigation Law Claim

Defendants bring claims against Second Third-Party Defendants under sections 181 and 176 of Article 12 of the New York Navigation Law.  The Court addresses § 181 and then § 176.

After carefully considering the matter, I recommend that Defendants' New York Navigation Law contribution claim derivative of Plaintiff's New York Navigation law claim be dismissed for the reasons stated in Plaintiff's, Second Third-Party Exxon Defendants', Second Third-Party Shell Defendant's, Second Third-Party Kinder Defendant's, Second Third-Party Hess Defendant's, Second Third-Party Atlantic Defendant's, and Second Third-Party Citgo Defendant's memoranda of law, that Defendants have not incurred any cleanup and removal costs.  The following is intended to supplement but not supplant those reasons.

#####     i.     N.Y. Nav. Law § 181

Under § 181(1) of the New York Navigation Law, "[a]ny person[28] who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages."  *Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112, 137 (2d Cir. 2010) (quoting N.Y. Nav. Law § 181(1)).  Under § 181(5), "[a]ny claim by any injured person for the costs of cleanup and removal and direct and indirect damages based on the strict liability imposed by this section may be brought directly against the person who has discharged the petroleum."[29]  N.Y. Nav. Law § 181(5).  Thus, a "party who shoulders the cleanup and removal costs and is not at fault for the petroleum discharge may pursue a claim against the actual polluters."  *Chevron U.S.A., Inc.*, 596 F.3d at 137 (citing N.Y. Nav. Law §§ 172(3), 181(5)).

I find that the argument—that Defendants are not an "injured person" entitled to bring a claim under the § 181(5) of the statute—persuasive.  The plain language of the statute requires

that a claimant seek "compensation for cleanup and removal costs incurred or damages sustained as a result of a petroleum discharge." § 172(3). Clean up and removal costs are defined as "all costs associated with the cleanup and removal of a discharge including relocation costs . . . incurred by . . . any person with approval of the department." N.Y. Nav. Law § 172(5); *Plumbing Supply, LLC v. Exxonmobil Oil Corp.*, 14-CV-3674, 2016 WL 1611490, at *2 (S.D.N.Y. Apr. 21, 2016) (reaffirming its holding that "attorneys' fees plaintiff incurred are not 'cleanup and removal costs'"). Here, Defendants have not alleged that they have incurred any such costs or damages. *See ELG Utica Alloys, Inc. v. Niagara Mohawk Power Corp.*, 16-CV-1523, 2019 WL 5086020, at *6 (N.D.N.Y. Oct. 10, 2019) (Sannes, J.) (dismissing third-party contribution claims pursuant to N.Y. Nav. Law § 181, where the defendant had not alleged that it incurred any costs of damages pursuant to N.Y. Nav. Law § 172(5)); *Plumbing Supply, LLC*, 2016 WL 1611490, at *3 ("To claim plausibly that plaintiff was entitled to recover 'cleanup and removal costs' from any defendant in this case, plaintiff needed to plead that it actually incurred such costs.").

As a result, I recommend that Defendants' Navigation Law claim under § 181 be dismissed.

### ii.    N.Y. Nav. Law § 176

Under N.Y. Nav. Law § 176(8) "every person providing cleanup, removal of discharge of petroleum or relocation of persons pursuant to this section shall be entitled to contribution from

---

[28]    "Person" includes public or private corporations, companies, associations, firms, partnerships, joint stock companies, and individuals. N.Y. Nav. Law § 172(14); *Schenectady Indus. Corp. v. Upstate Textiles, Inc.*, 689 F. Supp. 2d 282, 291 (N.D.N.Y. 2010).

[29]    N.Y. Nav. Law § 172(3) defines a claim as "any claim by an injured person, who is not responsible for the discharge, seeking compensation for cleanup and removal costs incurred or damages sustained as a result of a petroleum discharge."

any other responsible party."  Here, there are no allegations that Defendants have engaged in any cleanup or incurred any costs. *See ELG Utica Alloys, Inc.*, 2019 WL 5086020, at *7 (dismissing a third-party navigation law contribution claim where there was no indication that the defendant had provided any cleanup or removal of petroleum); *FCA Assocs. v. Texaco, Inc.*, 03-CV-6083T, 2005 WL 735959, at *4 (W.D.N.Y. Mar. 31, 2005) (dismissing navigation law claim where there was no indication that third-party claimant "ha[d] provided any cleanup or removal of petroleum from the Site," as required by "the plain language of Section 176(8).").

As a result, as with Defendants' claim under § 181(5), I recommend dismissal of Defendants' Navigation Law claim under § 176.[30]

### 5.    Defendants' Third-Party N.Y. C.P.L.R. and Common Law Contribution Claim

As an initial matter, I recommend that Defendants' N.Y. C.P.L.R. and common law contribution claim be dismissed because I recommended that Plaintiff's N.Y. C.P.L.R. and common law contribution claim against Defendants be dismissed.  (Dkt. No. 201 at 41.)[31]

In any event, to the extent that Plaintiff's N.Y. C.P.L.R. and common law contribution claim survive Defendants' motion for judgment on the pleadings, I still recommend that Defendants' third-party N.Y. C.P.L.R. and common law contribution claim be dismissed.

---

[30]    In addition, in the alternative, for the reasons stated in Part III.A.1. of this Report-Recommendation, I recommend that Defendants' N.Y. Nav. Law claim derivative of Plaintiff's N.Y. Nav. Law claim against Second Third-Party Kinder Defendant be dismissed for failure to state a claim upon which relief may be granted.

[31]    The Court notes that since the release of its Order and Report-Recommendation dated April 24, 2020, the law with respect to CERCLA preemption has developed further.  In *ELG Utica Alloys, Inc. v. Niagara Mohawk Power Corp.,* 16-CV-1523, 2020 WL 2616180, at *4-5 (N.D.N.Y. May 22, 2020) (Sannes, J.), the Court held that the defendant's third-party contribution claim would not be preempted by CERCLA "to the extent that [the defendant] is found liable for an seeking contribution for costs incurred outside of CERCLA."

"In general, a case is not ripe if it 'involves uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Armored Grp., LLC v. Homeland Sec. Strategies, Inc.*, 07-CV-9694, 2009 WL 1110783, at *3 (S.D.N.Y. Apr. 21, 2009) (quoting *AMSAT Cable Ltd. v. Cablevision of Connecticut Ltd. P'ship*, 6 F.3d 867, 872 (2d Cir. 1993)). "More specifically, 'New York law clearly provides that a claim for indemnification or contribution is premature where there has been neither entry of judgment nor payment.'" *Armored Grp., LLC*, 2009 WL 1110783, at *3 (citing *IntelliSec v. Firecom, Inc.,* 00-CV-3557, 2001 WL 218940, at *12 (E.D.N.Y. Feb. 1, 2001); *Plantronics, Inc. v. United States,* 88-CV-1892, 1990 WL 3202 (S.D.N.Y. Jan. 9, 1990); *Bay Ridge Air Rights, Inc. v. State,* 57 A.D.2d 237, 394 N.Y.S.2d 464 (1977)).

Defendants' claim for contribution is not ripe absent an allegation that they incurred liability to a third party as a result of Second Third-Party Defendants' actions or inactions. *See MPM Silicones, LLC v. Union Carbide Corp.*, 931 F. Supp. 2d 387, 407-08 (N.D.N.Y. 2013) (Kahn, J.) (dismissing the plaintiff's claims for contribution pursuant to N.Y. common law, where the complaint failed to allege any judgment had been rendered against it); *see also Charter Oak Fire Ins. Co. v. Bolding,* 08-CV-2632, 2009 WL 3246116, at *4 (E.D.N.Y. Oct. 1, 2009) (noting that claims for indemnification "are not ripe for adjudication until liability has been imposed upon the party to be indemnified"); *Armored Grp.,* 2009 WL 1110783, at *3-4 (dismissing claims for indemnification and contribution because the plaintiff did not allege "either the entry of judgment or payment by [the plaintiff] to a third party"); *New York State Elec. & Gas Corp v. FirstEnergy Corp.,* 03-CV-0438, 2007 WL 1434901, at *7 (N.D.N.Y. May 11, 2007) (Peebles, M.J.) ("[T]he party seeking contribution must have been compelled in some

way, such as through the entry of a judgment, to make the payment against which contribution is sought.").

In addition, in the alternative, for the reasons stated in Part III.A.1. of this Report-Recommendation, I recommend that Defendants' N.Y. C.P.L.R. and common law contribution claim against Second Third-Party Kinder Defendant be dismissed for failure to state a claim upon which relief may be granted.

As a result, I recommend that Defendant's third-party contribution claim pursuant to N.Y. C.P.L.R. § 1401 and common law, be dismissed.

6. **Defendants' Contractual Indemnification Claim Against Second Third-Party Exxon Defendants**

Although "[c]laims for indemnification do not generally ripen until a judgment in the underlying action is paid," third-party indemnification claims may be brought "before they are technically ripe, so that all parties may establish their rights and liabilities in one action." *Harris v. Rivera*, 921 F. Supp. 1058, 1062 (S.D.N.Y. 1995) (quoting *Mars Assocs. v. N.Y.C. Educ. Constr. Fund*, 126 A.D.2d 178, 191 (N.Y. App. Div. 1st Dep't 1987)); *accord Wallace v. Nat'l R.R. Passenger Corp.*, 5 F. Supp. 3d 452, 479 (S.D.N.Y. 2014); *see also Cevasco v. Nat'l R.R. Passenger Corp.*, 606 F. Supp. 2d 401, 410 (S.D.N.Y. 2009) (holding that "[i]n the absence of the citation of a single case . . . stating otherwise, Amtrak's [third-party] claim cannot be dismissed" where the indemnity obligation "is a broad indemnification clause that includes a duty to defend, a lawsuit has actually been filed against the indemnitee, and the indemnitee's claim is being brought as a third party action.").

As a result, I recommend that Defendants' third-party contractual indemnification claim against Second Third-Party Exxon Defendants survive their motion to dismiss so that the Court may determine the liabilities of all parties in a single action.

### 7.    Stay of Proceedings

To the extent that any of Defendants' claims in the Amended Second Third-Party Complaint survive, Plaintiff seeks a stay of those claims.  (Dkt. No. 123, Attach. 1 at 16-17.)

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North Am. Co.*, 229 U.S. 248, 254 (1936)).

Plaintiff's motion to stay Defendants' Second Third-Party action pending resolution of its Complaint, is denied without prejudice at this time.

### B.    Second Third-Party Chevron Defendants' Cross-claims

### 1.    Second Third-Party Chevron Defendants' CERCLA § 113 Claims

For the reasons set forth above in Part III.A.2. of this Report-Recommendation, I recommend that Second Third-Party Chevron Defendants' contribution claims pursuant to CERCLA § 113 be dismissed.

### 2.    Second Third-Party Chevron Defendants' OPA Claim

For the reasons set forth above in Part III.A.3. of this Report-Recommendation, I recommend that Second Third-Party Chevron Defendants' contribution claim pursuant to OPA be dismissed.

### 3.    Second Third-Party Chevron Defendants' N.Y. Nav. Law Claim

For the reasons set forth above in Part III.A.4. of this Report-Recommendation, I recommend that Second Third-Party Chevron Defendants' contribution claim pursuant to N.Y. Nav. Law be dismissed.

### 4. Second Third-Party Chevron Defendants' N.Y. C.P.L.R. and Common Law Contribution Claim

For the reasons set forth above in Part III.A.5. of this Report-Recommendation, I recommend that Second Third-Party Chevron Defendants' contribution claim pursuant to N.Y. C.P.L.R. and common law be dismissed.

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's motion to strike Defendants' Amended Second Third-Party Complaint (Dkt. No. 123) be **GRANTED in part** and **DENIED in part** such that Defendants' third-party claims (1) pursuant to (a) CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, (b) OPA, (c) N.Y. Nav. Law, and (d) N.Y. C.P.L.R., and common law contribution, and (2) all claims against Second Third-Party Kinder Defendant be **DISMISSED**, and Defendants' claims pursuant to (1) CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against all Second Third-Party Defendants except Second Third-Party Kinder Defendant, and (2) contractual indemnification against Second Third-Party Exxon Defendants **SURVIVE**; and it is further

**ORDERED** that Plaintiff's motion to stay Defendants' Amended Second Third-Party Complaint (Dkt. No. 123) is **DENIED without prejudice**; and it is further

**RECOMMENDED** that Second Third-Party Exxon Defendants' motion to dismiss Defendants' Amended Second Third-Party Complaint (Dkt. No. 141) be **GRANTED in part** and **DENIED in part** such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R., and common law contribution against them be **DISMISSED**, and Defendants' claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim and contractual indemnification against them **SURVIVE**; and it is further

48

**RECOMMENDED** that Second Third-Party Sunoco Defendants' motion to dismiss Defendants' Amended Second Third-Party Complaint (Dkt. No. 142) be **GRANTED in part** and **DENIED in part** such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R., and common law contribution against them be **DISMISSED**, and Defendants' claim pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against them **SURVIVE**; and it is further

**RECOMMENDED** that Second Third-Party Shell Defendant's motion to dismiss Defendants' Amended Second Third-Party Complaint (Dkt. No. 143) be **GRANTED in part** and **DENIED in part** such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R., and common law contribution against it be **DISMISSED**, and Defendants' claim pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against it **SURVIVE**; and it is further

**RECOMMENDED** that Second Third-Party Kinder Defendant's motion to dismiss Defendants' Amended Second Third-Party Complaint (Dkt. No. 144) be **GRANTED** and all of Defendants' claims against it be **DISMISSED**; and it is further

**RECOMMENDED** that Second Third-Party Hess Defendant's motion to dismiss Defendants' Amended Second Third-Party Complaint (Dkt. No. 145) be **GRANTED in part** and **DENIED in part** such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R., and common law contribution against it be **DISMISSED**, and Defendants' claim pursuant to

CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against it **SURVIVE**; and it is further

RECOMMENDED that Second Third-Party Atlantic Defendant's motion to dismiss Defendants' Amended Second Third-Party Complaint (Dkt. No. 146) be **GRANTED in part** and **DENIED in part** such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R., and common law contribution against it be **DISMISSED**, and Defendants' claim pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against it **SURVIVE**; and it is further

RECOMMENDED that Second Third-Party Citgo Defendant's motion to dismiss Defendants' Amended Second Third-Party Complaint (Dkt. No. 147) be **GRANTED in part** and **DENIED in part** such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R., and common law contribution against it be **DISMISSED**, and Defendants' claim pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against it **SURVIVE**; and it is further

RECOMMENDED that Second Third-Party Kinder Defendant's motion to dismiss Second Third-Party Chevron Defendants' cross-claims (Dkt. No. 159) be **GRANTED** such that Second Third-Party Chevron Defendants' cross-claims be **DISMISSED**; and it is further

RECOMMENDED that Second Third-Party Hess Defendant's motion to dismiss Second Third-Party Chevron Defendants' cross-claims (Dkt. No. 160) be **GRANTED** such that Second Third-Party Chevron Defendants' cross-claims be **DISMISSED**; and it is further

50

**RECOMMENDED** that Second Third-Party Chevron Defendants' motions for judgment on the pleadings of Defendants' Amended Second Third-Party Complaint (Dkt. Nos. 162, 163) be **GRANTED in part** and **DENIED in part** such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R., and common law contribution against them be **DISMISSED**, and Defendants' claim pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against them **SURVIVE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.

Dated: September  3 , 2020
          Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge