**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HONEYWELL INTERNATIONAL INC.,**

       **Plaintiff,**

       **v.**

**BUCKEYE PARTNERS, L.P.; BUCKEYE GP, LLC;**
**BUCKEYE PIPE LINE COMPANY, L.P.; and**
**BUCKEYE PIPE LINE HOLDINGS, L.P.,**

       **Defendants.**
_____

**BUCKEYE PARTNERS, L.P.; BUCKEYE GP, LLC;**
**BUCKEYE PIPE LINE COMPANY, L.P.; and**
**BUCKEYE PIPE LINE HOLDINGS, L.P.,**

       **First Third-Party Plaintiffs,**

       **v.**

**YAD ASSOCIATES, INC.; PYRAMID COMPANY**
**OF ONONDAGA; ROBERT J. CONGEL; and**
**BRUCE A. KENAN,**

       **First Third-Party Defendants.**
_____

**BUCKEYE PARTNERS, L.P.; BUCKEYE GP, LLC;**
**BUCKEYE PIPE LINE COMPANY, L.P.; and**
**BUCKEYE PIPE LINE HOLDINGS, L.P.,**

       **Second Third-Party Plaintiffs,**

       **v.**

**ATLANTIC RICHFIELD COMPANY; CITGO**
**PETROLEUM CORPORATION; CHEVRON**
**CORPORATION; CHEVRON U.S.A. INC.;**
**KINDER MORGAN INC.; EXXONMOBIL**
**OIL CORPORATION; EXXON MOBIL**
**CORPORATION; HESS CORPORATION;**

**5:18-CV-646**
**(FJS/ML)**

**SHELL OIL COMPANY; SUNOCO (R&M), LLC; SUN PIPE LINE COMPANY, LLC; TEXACO, INC.; and TRMI-H LLC,**

        **Second Third-Party Defendants.**

―――――――――――――――――――――――――

**CHEVRON CORPORATION; CHEVRON U.S.A., INC.; TEXACO, INC.; and TRMI-H LLC,**

        **Counter-Claimants**

        **v.**

**BUCKEYE PARTNERS, L.P.; BUCKEYE GP, LLC; BUCKEYE PIPE LINE COMPANY, L.P.; and BUCKEYE PIPE LINE HOLDINGS, L.P.,**

        **Counter-Defendants.**

―――――――――――――――――――――――――

**CHEVRON CORPORATION; CEHVRON U.S.A., INC.; TEXACO, INC.; and TRMI-H LLC,**

        **Cross-Claimants**

        **v.**

**ATLANTIC RICHFIELD COMPANY; CITGO PETROLEUM CORPORATION; KINDER MORGAN INC.; EXXONMOBIL OIL CORPORATION; EXXON MOBIL CORPORATION; HESS CORPORATION; SHELL OIL COMPANY; SUNOCO (R&M), LLC; and SUN PIPE LINE COMPANY, LLC;**

        **Cross-Defendants.**

―――――――――――――――――――――――――

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **ARNOLD & PORTER KAYE SCHOLER LLP** | **BRIAN D. ISRAEL, ESQ.** |
| 601 Massachusetts Avenue N.W. | **LAUREN C. DANIEL, ESQ.** |
| Washington, D.C. 20001 | |
| Attorneys for Plaintiff Honeywell | |
| International Inc. | |

**HANCOCK ESTABROOK LLP**
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Attorneys for Buckeye Partners, L.P.;
Buckeye GP, LLC; Buckeye Pipe
Line Company, L.P.; and Buckeye
Pipe Line Holdings, L.P.

**JOHN G. POWERS, ESQ.**
**WENDY ANN MARSH, ESQ.**
**JAMES J. O'SHEA, ESQ.**
**ANNELIESE ALIASSO, ESQ.**

**THE WLADIS LAW FIRM, P.C.**
6312 Fly Road
East Syracuse, New York 13057
Attorneys for YAD Associates, Inc.;
Pyramid Company of Onondaga; and
Robert J. Congel

**KEVIN C. MURPHY, ESQ.**
**TIMOTHY J. LAMBRECHT, ESQ.**

**THE WEST FIRM, PLLC**
Peter Kiernan Plaza
575 Broadway, 2nd Floor
Albany, New York 12207-2931
Attorneys for Chevron Corporation;
Chevron U.S.A., Inc.; Texaco, Inc.;
and TRMI-H LLC

**MICHAEL W. PETERS, ESQ.**

**DEVAPRASAD PLLC**
119 Washington Avenue
Albany, New York 12210
Attorneys for Atlantic Richfield
Company

**S. DAVID DEVAPRASAD, ESQ.**

**KAREN LEE PRENA P.C.**
3100 N. Sheridan Road, Ste 4d
Chicago, Illinois 60657
Attorneys for Citgo Petroleum
Corporation

**KAREN L. PRENA, ESQ.**

**GERMAIN & GERMAIN**
314 East Fayette Street
Syracuse, New York 13202
Attorneys for Kinder Morgan Inc.
and Hess Corporation

**ROBERT M. GERMAIN, I, ESQ.**

**MCCUSKER ANSELMI**        **JOHN B. MCCUSKER, ESQ.**
**ROSEN CARVELLI**          **KATHERINE E. SUELL, ESQ.**
805 Third Avenue, 12th Floor
New York, New York 10022
Attorneys for Exxonmobil Oil
Corporation and Exon Mobil
Corporation

**BEVERIDGE & DIAMOND PC**   **MEGAN BILLAULT, ESQ.**
477 Madison Avenue, 15th Floor
New York, New York 10022-5802
Attorneys for Shell Oil Company

**MCCARTER & ENGLISH, LLP**  **AMANDA GRAHAM DUMVILLE, ESQ.**
4 Gateway Center             **JOHN J. MCALEESE, III, ESQ.**
100 Mulberry Street          **MINJI KIM, ESQ.**
Newark, New Jersey 07102
Attorneys for Sunoco (R&M), LLC
and Sun Pipe Line Company, LLC

**SCULLIN, Senior Judge**

## I. INTRODUCTION

Pending before the Court are Magistrate Judge Lovric's September 3, 2020 Order and

Report Recommendation, *see* Dkt. No. 212, and Defendants' and Second Third-Party Defendant

Shell Oil Company's objections thereto, *see* Dkt. Nos. 216-217.

## II. PROCEDURAL HISTORY

On August 5, 2019, Defendants[1] filed their Second Third-Party Complaint against

Atlantic Richfield Company; Citgo Petroleum Corporation; Chevron Corporation; Chevron

U.S.A. Inc.; Kinder Morgan Inc.; ExxonMobil Oil Corporation; Exxon Mobil Corporation; Hess

Corporation; Shell Oil Company; Sunoco (R&M), LLC; Sun Pipe Line Company, LLC; Texaco,

---

[1] Buckeye Partners, L.P.; Buckeye GP, LLC; Buckeye Pipe Line Company, L.P.; and Buckeye Pipe Line Holdings, L.P. are collectively referred to as "Defendants" or "Buckeye."

Inc.; and TRMI-H LLC (hereinafter collectively "STP Defendants"), which they amended on

October 30, 2019. *See* Dkt. No. 108. In their Amended Second Third Party Complaint,

Defendants alleged the following five causes of action against all STP Defendants:

> (1) a contribution claim under § 113 of CERCLA, 42 U.S.C. § 9613(f);
>
> (2) a contribution claim for natural resource development costs at the Onondaga Lake Superfund Site under § 113(f) of CERCLA, 42 U.S.C. § 9613(f);
>
> (3) a contribution claim for oil-related costs incurred at the Onondaga Lake Superfund Site under § 1002 of OPA, 33 U.S.C. § 2702;
>
> (4) a contribution claim for petroleum-related costs incurred at the Onondaga Lake Bottom Site under the New York Navigation Law ("Navigation Law"), N.Y. Nav. Law §§ 176(8), 181; and (5) a contribution claim under New York State common law and N.Y. C.P.L.R. § 1401.

*See id.* at ¶¶ 216-255.

Additionally, Defendants asserted a contractual defense and indemnification claim against STP

Exxon Defendants[2] under the Asset Purchase Agreement between Defendants and STP Exxon

Defendants. *See id.* at ¶¶ 256-265.

     In his Order and Report-Recommendation, Magistrate Judge Lovric considered the

following motions:

> (1) Plaintiff's motion to strike Defendants' Amended Second Third-Party Complaint*, see* Dkt. No. 123;
>
> (2) STP Exxon Defendants' motion to dismiss the Amended Second Third-Party Complaint for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim, *see* Dkt. No. 141;

---

[2] "STP Exxon Defendants" refers collectively to Second Third-Party Defendants ExxonMobil Oil Corporation and Exxon Mobil Corporation.

(3) STP Sunoco Defendants'[3] motion to dismiss the Amended Second Third-Party Complaint for lack of subject matter jurisdiction and for failure to state a claim, *see* Dkt. No. 142;

(4) STP Shell Defendant's[4] motion to dismiss the Amended Second Third-Party Complaint for lack of subject matter jurisdiction and for failure to state a claim, *see* Dkt. No. 143;

(5) STP Kinder Defendant's[5] motion to dismiss the Amended Second Third-Party Complaint for failure to state a claim, *see* Dkt. No. 144;

(6) STP Hess Defendant's[6] motion to dismiss the Amended Second Third-Party Complaint for failure to state a claim, *see* Dkt. No. 145;

(7) STP Atlantic Defendant's[7] motion to dismiss the Amended Second Third-Party Complaint for failure to state a claim and for lack of subject-matter jurisdiction, *see* Dkt. No. 146;

(8) STP Citgo Defendant's[8] motion to dismiss the Amended Second Third-Party Complaint for failure to state a claim, *see* Dkt. No. 147;

(9) STP Kinder Defendant's motion to dismiss STP Chevron Defendants' cross-claims for failure to state a claim, *see* Dkt. No. 159;

(10) STP Hess Defendant's motion to dismiss STP Chevron Defendants' cross-claims for failure to state a claim, *see* Dkt. No. 160; and

---

[3] "STP Sunoco Defendants" refers collectively to Second Third-Party Defendants Sunoco (R&M), LLC and Sun Pipe Line Company LLC.

[4] "STP Shell Defendant" refers to Second Third-Party Defendant Shell Oil Company.

[5] "STP Kinder Defendant" refers to Second Third-Party Defendant Kinder Morgan Inc.

[6] "STP Hess Defendant" refers to Second Third-Party Defendant Hess Corporation.

[7] "STP Atlantic Defendant" refers to Second Third-Party Defendant Atlantic Richfield Company.

[8] "STP Citgo Defendant" refers to Second Third-Party Defendant Citgo Petroleum Corporation.

(11) STP Chevron Defendants'[9] motion for judgment on the pleadings, requesting dismissal of the Amended Second Third-Party Complaint, *see* Dkt. Nos. 162, 163.

After reviewing each of these motions, Magistrate Judge Lovric recommended that this Court resolve these motions as follows:

(1) **Grant in part and deny in part** Plaintiff's motion to strike Defendants' Amended Second Third-Party Complaint such that Defendants' third-party claims (1) pursuant to (a) CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, (b) OPA, (C) N. Y. Nav. Law, and (d) N.Y. C.P.L.R. and common law contribution and (2) all claims against Second Third-Party Kinder Defendant be **dismissed**, and Defendants' claims pursuant to (1) CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against all Second Third-Party Defendants except Second Third-Party Kinder Defendant, and (2) contractual indemnification against Second Third-Party Exxon Defendants **survive**;

(2) **Grant in part and deny in part** Second Third-Party Exxon Defendants' motion to dismiss Defendants' Amended Second Third-Party Complaint such that Defendants' third-party claims pursuant to CERCLA § 114 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R., and common law contribution claims against them be **dismissed** and Defendants' claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim and contractual indemnification claim against them **survive**;

(3) **Grant in part and deny in part** Second Third-Party Sunoco Defendants' motion to dismiss Defendants' Amended Second Third-Party Complaint such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R. and common law contribution claims against them be **dismissed** and Defendants' claim pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against them **survive**;

(4) **Grant in part and deny in part** Second Third-Party Shell Defendant's motion to dismiss Defendants' Amended Second Third-Party Complaint such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA

---

9 "STP Chevron Defendants" refers collectively to Second Third-Party Defendants Chevron Corporation, Chevron U.S.A. Inc., Texaco, Inc., and TRMI-H LLC.

§ 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R. and common law contribution claims against it be **dismissed** and Defendants' claim pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against it **survive**;

(5) **Grant** Second Third-Party Kinder Defendant's motion to dismiss Defendants' Amended Second Third-Party Complaint and **dismiss** all of Defendants' claims against it;

(6) **Grant in part and deny in part** Second Third-Party Hess Defendant's motion to dismiss Defendants' Amended Second Third-Party Complaint such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R. and common law contribution claims against it be **dismissed** and Defendants' claim pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against it **survive**;

(7) **Grant in part and deny in part** Second Third-Party Atlantic Defendant's motion to dismiss Defendants' Amended Second Third Party Complaint such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R. and common law contribution claims against it be **dismissed** and Defendants' claim pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against it **survive**;

(8) **Grant in part and deny in part** Second Third-Party Citgo Defendant's motion to dismiss Defendants' Amended Second Third-Party Complaint such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R. and common law contributions claims against it be **dismissed** and Defendants' claim pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against it **survive**;

(9) **Grant** Second Third-Party Kinder Defendant's motion to dismiss Second Third-Party Chevron Defendants' cross-claims such that Second Third-Party Chevron Defendants' cross-claims be **dismissed**;

(10) **Grant** Second Third-Party Hess Defendant's motion to dismiss Second Third-Party Chevron Defendants' cross-claims such that Second Third-Party Chevron Defendants' cross-claims be **dismissed**; and

(11) **Grant in part and deny in part** Second Third-Party Chevron Defendants' motion for judgment on the pleadings of Defendants' Amended Second Third-Party Complaint such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R. and common law contribution claims against them be **dismissed** and Defendants' claim pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against them **survive**.

See Dkt. No. 212, September 3, 2020 Order and Report-Recommendation, at 56-59.[10]

Defendants filed objections to Magistrate Judge Lovric's recommendation that the Court dismiss their third-party Navigation Law, N.Y. C.P.L.R., and common law contribution claims, and Magistrate Judge Lovric's finding that Plaintiff is not seeking to recover an orphan share from them. See Dkt. No. 217. STP Shell Defendant filed objections to Magistrate Judge Lovric's recommendation that the Court deny its motion to dismiss Defendants' third-party CERCLA § 107 claim and Magistrate Judge Lovric's finding that Defendants have alleged timely releases for their OPA claims against it. See Dkt. No. 216.

## III. DISCUSSION

### A. Standard of review

"When a court reviews a magistrate judge's recommendations, its review is *de novo* as to those recommendations to which a party objects . . . and for clear error or manifest injustice as to

---

[10] None of the parties filed objections to Magistrate Judge Lovric's recommendations that the Court (1) grant STP Kinder Defendant's motion to dismiss Defendants' claims against it; (2) dismiss Defendants' OPA claims and Defendants' CERCLA § 113 claims that are derivative of Plaintiff's CERCLA § 113 claim against all STP Defendants; (3) deny Plaintiff's motion to strike in part and STP Exxon Defendants' motion to dismiss in part so that Defendants' contractual indemnification claim against them survives; and (4) grant STP Kinder Defendant's and STP Hess Defendant's motions to dismiss STP Chevron Defendants' cross-claims against them in their entireties.

those recommendations to which a party does not object or makes only conclusory or general objections. . . ." *Widi v Hudson*, No. 9:16-CV-1042 (FJS/DJS), 2019 WL 3491250, *1 (N.D.N.Y. Aug. 1, 2019) (internal citations omitted).

Likewise, the court reviews for clear error objections that merely reiterate the same arguments that were presented to the magistrate judge. *See Praileau v. Cnty. of Schenectady*, No. 7:09-CV-0924 (TJM/GHL), 2010 WL 3761902, *1 (N.D.N.Y. Sept. 20, 2010) (citation and footnote omitted). "Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance." *Kotler v. Bosco*, No. 9:17-CV-0394 (GTS/ML), 2020 WL 6128168, *1 (N.D.N.Y. Oct. 19, 2020) (citing *Zhao v. State Univ of N.Y.*, No. 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.")) (other citation omitted). This is because "'[f]or the district judge to review new evidence or arguments would reduce the magistrate's work to something akin to a meaningless dress rehearsal,' . . . and would frustrate the congressional objective behind [28 U.S.C.] § 636(b)(1) which is intended to alleviate the congestion of litigation in the district courts. . . ." *Fox v. Lee*, No 9:15-CV-0390 (TJM/CFH), 2019 WL 1323845, *1 (N.D.N.Y. Mar. 25, 2019) (internal quotation and other citations omitted).

Finally, "[a]fter conducting its review, 'the Court may "accept, reject, or modify, in whole or in part, the . . . recommendations made by the magistrate judge."'" *Widi*, 2019 WL 3491250, at *1 (quotation and footnote omitted).

**B.      Recommendations to which the parties have filed no objections**

With regard to Magistrate Judge Lovric's recommendations to which the parties have filed no objections, the Court has reviewed those recommendations for clear error and manifest injustice and finding none, the Court accepts those recommendations for the reasons stated in Magistrate Judge Lovric's September 3, 2020 Order and Report-Recommendation.

**C.      Defendants' objections**

Defendants object to Magistrate Judge Lovric's recommendations that the Court dismiss their claims under New York Navigation Law, N.Y. C.P.L.R. § 1401, and New York common law. *See generally* Dkt. No. 217. Additionally, Defendants request that the Court declare that Magistrate Judge Lovric's finding that Plaintiff has not alleged that it is seeking any orphan share allocation from them or any STP Defendant in relation to its CERCLA § 113 claims is law of the case. *See id.*

Under Rule 14 of the Federal Rules of Civil Procedure, a defendant may implead a third-party who "is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Generally, such claims may proceed "when the third-party's liability is 'dependent upon the outcome of the main claim' or when the third-party is 'potentially secondarily liable to the defendant.'" *Blais Constr. Co., Inc. v. Hanover Square Associates-I*, 733 F. Supp. 149, 152 (N.D.N.Y. 1990) (quoting *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2nd Cir. 1984)).

Rule 14 also permits parties to "move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). However, courts generally disfavor such motions because "[t]he general purpose of Rule 14 is to serve judicial economy, discourage inconsistent

results, and limit the prejudice incurred by a defendant by removal of the time lag between a judgment against the defendant and a judgment over against a third-party defendant." *Blais Constr.*, 733 F. Supp. at 152 (citing *Dery v. Wyer*, 265 F.2d 804, 806-07 (2nd Cir. 1959)). Therefore, courts reviewing a Rule 14 motion to strike a third-party complaint "consider: '(1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted.'" *Salomon v. Burr Manor Estates, Inc.*, 635 F. Supp. 2d 196, 200 (E.D.N.Y. 2009) (quoting *Dispute Resolution Mgmt., Inc. v. Greenberg Traurig, LLP*, No. 03-3501, 2004 WL 235270, at *1 (S.D.N.Y. Feb. 9, 2004) (quoting *Murphy v. Keller Indus. Inc.*, 201 F.R.D. 317, 320 (S.D.N.Y. 2001), and *Middle Mkt. Fin. Corp. v. D'Orazio*, No. 96-8138, 1998 WL 872412, at *2 (S.D.N.Y. Dec. 15, 1998) (internal quotation marks omitted)).

### 1. Defendants' New York Navigation Law claims

Defendants object to Magistrate Judge Lovric's recommendation that the Court dismiss their New York Navigation Law claims as unripe based on a finding that they have not alleged that they have engaged in cleanup or incurred any cleanup or removal costs.

Under New York Navigation Law § 181(1), "[a]ny person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained . . . ." N.Y. Nav. Law § 181(1).[11]  Furthermore,

---

[11] New York Navigation Law defines the term "person" to include "public or private corporations, companies, associations, societies, firms, partnerships, joint stock companies, [and] individuals . . . ."  N.Y. Nav. Law § 172(14).

New York Navigation Law provides that "[a]ny claim by any injured person for the costs of cleanup and removal and direct and indirect damages based on the strict liability imposed by this section may be brought directly against the person who has discharged the petroleum . . . ."  N.Y. Nav. Law § 181(5).[12]  Therefore, New York Navigation Law entitles a party who is not responsible for the petroleum discharge in question and incurs either cleanup and removal costs or indirect damages, which includes attorney's fees, to bring a claim against the actual dischargers.  *See Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112, 137 (2d Cir. 2010) (stating that "[a] party who shoulders the cleanup and removal costs and is not at fault for the petroleum discharge may pursue a claim against the actual polluters" (citing N.Y. Nav. Law §§ 172(3), 181(5))); *Hanna v. Motiva Enters., LLC*, 839 F. Supp. 2d 654, 680 (S.D.N.Y. 2012) (stating that "attorneys' fees incurred by a property owner against the discharger" are indirect damages under section 181 and there is no requirement that a party must pay cleanup and removal costs or be held liable for such costs to bring an action to recover attorney's fees under section 181(5)); *Coleman v. Atl. Richfield Co.*, No. 6:07-CV-06117 EAW, 2016 WL 9453807, *10 (W.D.N.Y. July 14, 2016) (quotation omitted); *Sunoco, Inc. (R&M) v. 175-33 Horace Harding Realty Corp.*, 969 F. Supp. 2d 297, 309 (E.D.N.Y. 2013) (quotation and other citation omitted); *Starnella v. Heat*, 14 A.D.3d 694, 694-95 (2d Dep't 2005) (citation omitted). Similarly, New York Navigation Law § 176(8) entitles "every person providing cleanup, removal of discharge of petroleum or relocation of persons pursuant to this section . . . to contribution from any other responsible party."  N.Y. Nav. Law § 176(8).

---

[12] New York Navigation Law defines the term "claim" to include "any claim of the fund or any claim by an injured person, who is not responsible for the discharge, seeking compensation for cleanup and removal costs incurred or damages sustained as a result of a petroleum discharge[.]" N.Y. Nav. Law § 172(3).

In this case, Defendants argue that the Court should not dismiss their third-party New York Navigation Law claims because, although the Court has not yet held them responsible for Plaintiff's cleanup and removal costs, Rule 14 permits them to implead the STP Defendants before their claims have technically accrued under New York law.

Defendants are correct that Rule 14 permits them to assert claims against "contingent" third parties who may eventually be liable to them if and when the Court renders a judgment holding Defendants liable for Plaintiff's costs. *See* Fed. R.. Civ. P. 14; *Andrulonis v. United States*, 26 F.3d 1224, 1233-34 (2d Cir. 1994). However, Plaintiff has repeatedly stated in its complaint and in several of its briefs that it is only seeking contribution from Defendants for their equitable share of its costs incurred, *see* Dkt. No. 1 at ¶¶ 329, 331 (stating that "Honeywell requests judgment in its favor, . . . [o]rdering Defendants, pursuant to . . . N.Y. Nav. Law § 176(8) . . . contribute their equitable share of . . . costs incurred or to be incurred by Honeywell . . ."; Dkt. No. 123-1 at 13 (stating that Defendants "cannot be held liable for more than [their] proportionate share"); Dkt. No. 156 at 10-11 (same), and Magistrate Judge Lovric explicitly found and accepted this stipulation as true, *see* Dkt. No. 212 at 47 (citing Dkt. No. 1 at ¶ 329). Therefore, there is no possibility that Defendants will be held liable to Plaintiff for any portion of its costs for which the STP Defendants are responsible.

Furthermore, Defendants' alternative argument is that their Navigation Law claim should proceed because they have incurred attorney's fees, which are indirect damages under § 181(5), fails. As discussed above, attorney's fees are considered indirect damages under New York Navigation Law, and a party need not incur cleanup and removal costs or be held liable for such costs to maintain an action under § 181(5) to recover attorney's fees. *See Starnella*, 14 A.D.3d at 694-95; *Coleman*, 2016 WL 9453807, at *10; *Hanna*, 839 F. Supp. 2d at 680. However,

attorney's fees are only considered indirect damages when they are incurred against the discharger in question. *See Hanna*, 839 F. Supp. 2d at 680. In this case, the attorney's fees that Defendants claim to be seeking are those they have "already incurred in defending the action," which, until they filed their Amended Second Third-Party Complaint, only included fees they had incurred in defending against Plaintiff's claims, not the STP Defendants. Therefore, Defendants do not claim to be seeking indirect damages incurred against STP Defendants. Further underscoring this conclusion is the fact that, because Plaintiff is only seeking to recover Defendants' equitable share of its costs, the attorney's fees that Defendants have expended, or will expend, to defend against this action relate only to defending against being held liable for their own share of Plaintiff's costs. In other words, there is no possibility of Defendants being held liable for more than their share of Plaintiff's costs so none of the attorney's fees that Defendants have incurred or will incur in this action pertain to liability for any portion of Plaintiff's costs for which the STP Defendants are potentially responsible. Therefore, Defendants cannot seek contribution from the STP Defendants for any attorney's fees that they have incurred or will incur in this action because none of those fees relate to the STP Defendants. Accordingly, since Plaintiff only seeks to recover Defendants' equitable share of its costs, and Defendants have not alleged that they have incurred any cleanup and removal costs or indirect damages against STP Defendants, the Court dismisses Defendants' New York Navigation Law § 181 claims.

Similarly, Defendants have not alleged that they have engaged in any "cleanup, removal of discharge of petroleum or relocation of persons" as required under New York Navigation Law § 176. Therefore, the Court adopts Magistrate Judge Lovric's recommendation and dismisses Defendants' New York Navigation Law § 176 claims. *See ELG Utica Alloys, Inc. v. Niagara*

*Mohawk Power Corp.*, No. 6:16-cv-01523 (BKS/ATB), 2019 WL 5086020, *7 (N.D.N.Y. Oct. 10, 2019); *FCA Assocs. v. Texaco, Inc.*, No. 03-CV-6083T, 2005 WL 735959, *4 (W.D.N.Y. Mar. 31, 2005).

### *2. Defendants' N.Y. C.P.L.R. and common law contribution claims*

Defendants object to Magistrate Judge Lovric's recommendation that the Court dismiss their N.Y. C.P.L.R. and common law claims as unripe based on a finding that they have not alleged that they have incurred liability to a third party due to the STP Defendants' actions or inactions.

Under N.Y. C.P.L.R. § 1007, "a defendant may proceed against a person not a party who is or may be liable to that defendant for all or part of the plaintiff's claim against that defendant[.]" N.Y. C.P.L.R. § 1007. Additionally, N.Y. C.P.L.R. § 1401, pursuant to which Defendants bring their contribution claims, provides that "two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought." N.Y. C.P.L.R. § 1401.

Defendants argue that the Court should not adopt Magistrate Judge Lovric's recommendation to dismiss their N.Y. C.P.L.R. claims because the cases on which he relied misinterpreted New York case law and the N.Y. C.P.L.R. to find that contribution claims are premature until judgment is entered or payment is made on the underlying claims. However, even assuming that Defendants' interpretation of the N.Y. C.P.L.R. is correct, the Court dismisses these claims because there is no possibility that the STP Defendants can be deemed liable for all or part of Plaintiff's N.Y. C.P.L.R. and common law contribution claims against

Defendants.  As discussed above, Plaintiff has repeatedly stated in its complaint and in several of its briefs that it is only seeking contribution for Defendants' equitable share of its costs incurred, *see* Dkt. No. 1 at ¶¶ 329, 331 (stating that "Honeywell requests judgment in its favor, . . . [o]rdering Defendants, pursuant to . . . N.Y. C.P.L.R. § 1401, and/or common law, [to] contribute their equitable share of . . . costs incurred or to be incurred by Honeywell . . . ."); Dkt. No. 123-1 at 13 (stating that Defendants "cannot be held liable for more than [their] proportionate share"); Dkt. No. 156 at 10-11 (same); and Magistrate Judge Lovric explicitly found and accepted this stipulation as true, *see* Dkt. No. 212 at 39, 40 (citing Dkt. No. 1 at ¶ 329).  Therefore, because Plaintiff only seeks to recover Defendants' equitable share of its costs, and Defendants have not alleged that they have incurred or will incur liability beyond their equitable share of Plaintiff's costs, the Court dismisses Defendants' N.Y. C.P.L.R. and common law contribution claims against the STP Defendants.

### D.    STP Shell Defendant's Objections to Magistrate Judge Lovric's recommendations

STP Shell Defendant objects to Magistrate Judge Lovric's recommendation that Defendants' Third-Party CERCLA 113 claims derivative of Plaintiff's CERCLA 107 claims survive because they fail to overcome the petroleum exclusion and to Magistrate Judge Lovric's recommendation to the extent it finds Defendants have alleged timely releases for their OPA claims.

With regard to STP Shell Defendant's argument that Defendants' allegations against it only relate to petroleum and that the "single" non-petroleum allegation against it is insufficient to overcome the petroleum exception, the Court rejects these arguments because STP Shell Defendant made these same arguments to Magistrate Judge Lovric.  *Compare* Dkt. No. 216 at

5-7 *with* Dkt. No. 143-1 at 14-16.  Thus, the Court applies a clear error review to these arguments and, after thoroughly reviewing Magistrate Judge Lovric's recommendation that Defendants' CERCLA § 113 claim derivative of Plaintiff's CERCLA § 107 claim survives, the Court finds no clear error or manifest injustice and, therefore, adopts that recommendation.

With regard to STP Shell Defendant's objection, in which it argues that the "single" non-petroleum allegation against it is an "impermissibly vague 'group pleading,'" STP Shell Defendant raises this argument for the first time as an objection when it could have raised it to Magistrate Judge Lovric in its original brief in support of its motion to dismiss.  Accordingly, the Court rejects this objection.  *See Kotler*, 2020 WL 6128168, at *1; *Fox*, 2019 WL 1323845, at *1.

Finally, STP Shell Defendant objects to Magistrate Judge Lovric's finding that Defendants alleged facts plausibly suggesting that it is responsible for releases that occurred after August 18, 1990.  There is no need to address this objection because it is not essential to Magistrate Judge Lovric's recommendation that the Court dismiss Defendants' OPA claim; and, even if the Court were to consider this objection, the result would be the same.


## IV. CONCLUSION

After reviewing the entire file in this matter, Magistrate Judge Lovric's September 3, 2020 Order and Report-Recommendation, and the objections thereto, as well as the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Order and Report-Recommendation, *see* Dkt. No. 212, is adopted in its entirety; and the Court further

**ORDERS** that Plaintiff's motion to strike Defendants' Amended Second Third Party Complaint is **GRANTED in part and DENIED in part** such that Defendants' third-party claims (1) pursuant to (a) CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, (b) OPA, (c) N.Y. Nav. Law, and (d) N.Y. C.P.L.R. and common law contribution and (2) all claims against Second Third Party Kinder Defendant are **DISMISSED** and Defendants' claims pursuant to (1) CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against all Second Third-Party Defendants except Second Third-Party Kinder Defendant, and (2) contractional indemnification against Second Third-Party Exxon Defendants **SURVIVE**; and the Court further

**ORDERS** that Second Third-Party Exxon Defendants' motion to dismiss Defendants' Amended Second Third-Party Complaint is **GRANTED in part and DENIED in part**, such that Defendants' third-party claims pursuant to CERCLA § 114 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R., and common law contribution claims against them are **DISMISSED** and Defendants' claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim and contractual indemnification claim against them **SURVIVE**; and the Court further

**ORDERS** that Second Third-Party Sunoco Defendants' motion to dismiss Defendants' Amended Second Third-Party Complaint is **GRANTED in part and DENIED in part** such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R. and common law contributions claims against them are **DISMISSED** and Defendants' claim pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against them **SURVIVES**; and the Court further

**ORDERS** that Second Third-Party Shell Defendant's motion to dismiss Defendants' Amended Second Third-Party Complaint is **GRANTED in part and DENIED in part** such that

Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R. and common law contributions claims against it are **DISMISSED** and Defendants' claim pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against it **SURVIVES**; and the Court further

      **ORDERS** that Second Third-Party Kinder Defendant's motion to dismiss Defendants' Amended Second Third-Party Complaint is **GRANTED** and all of Defendants' third-party claims against it are **DISMISSED**; and the Court further

      **ORDERS** that Second Third-Party Hess Defendant's motion to dismiss Defendants' Amended Second Third-Party Complaint is **GRANTED in part and DENIED in part** such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R. and common law contribution claims against it are **DISMISSED** and Defendants' claim pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against it **SURVIVES**; and the Court further

      **ORDERS** that Second Third-Party Atlantic Defendant's motion to dismiss Defendants' Amended Second Third-Party Complaint is **GRANTED in part and DENIED in part** such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R. and common law contribution claims against it are **DISMISSED** and Defendants' claim pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against it **SURVIVES**; and the Court further

      **ORDERS** that Second Third-Party Citgo Defendant's motion to dismiss Defendants' Amended Second Third-Party Complaint is **GRANTED in part and DENIED in part** such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R. and common law contribution claims against

it are **DISMISSED** and Defendants' claim pursuant to CCERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against it **SURVIVES**; and the Court further

    **ORDERS** that Second Third-Party Kinder Defendant's motion to dismiss Second Third-Party Chevron Defendants' cross-claims against it is **GRANTED** and those cross-claims are **DISMISSED**; and the Court further

    **ORDERS** that Second Third-Party Hess Defendant's motion to dismiss Second Third-Party Chevron Defendants cross-claims against it is **GRANTED** and those cross-claims are **DISMISSED**; and the Court further

    **ORDERS** that Second Third-Party Chevron Defendants' motion for judgment on the pleadings of Defendants' Amended Second Third-Party Complaint is **GRANTED in part and DENIED in part** such that Defendants' third-party claims pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 113 claims, OPA, N.Y. Nav. Law, N.Y. C.P.L.R. and common law contributions claims against them are **DISMISSED** and Defendants' claim pursuant to CERCLA § 113 derivative of Plaintiff's CERCLA § 107 claim against them **SURVIVES**.

**IT IS SO ORDERED.**

Dated: June 25, 2021
    Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge