UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HONEYWELL INTERNATIONAL INC.,

               Plaintiff,

               v.                                 5:18-CV-646
                                                (FJS/ML)

BUCKEYE PARTNERS, L.P.; BUCKEYE GP, LLC;
BUCKEYE PIPE LINE COMPANY, L.P.; and
BUCKEYE PIPE LINE HOLDINGS, L.P.,

               Defendants.
_____

BUCKEYE PARTNERS, L.P.; BUCKEYE GP, LLC;
BUCKEYE PIPE LINE COMPANY, L.P.; and
BUCKEYE PIPE LINE HOLDINGS, L.P.,

               First Third-Party Plaintiffs,

               v.

YAD ASSOCIATES, INC.; PYRAMID COMPANY
OF ONONDAGA; ROBERT J. CONGEL; and
BRUCE A. KENAN,

               First Third-Party Defendants.
_____

BUCKEYE PARTNERS, L.P.; BUCKEYE GP, LLC;
BUCKEYE PIPE LINE COMPANY, L.P.; and
BUCKEYE PIPE LINE HOLDINGS, L.P.,

               Second Third-Party Plaintiffs,

               v.

ATLANTIC RICHFIELD COMPANY; CITGO
PETROLEUM CORPORATION; CHEVRON
CORPORATION; CHEVRON U.S.A. INC.;
EXXONMOBIL OIL CORPORATION; EXXON
MOBIL CORPORATION; HESS CORPORATION;
SHELL OIL COMPANY; SUNOCO (R&M), LLC;

**SUN PIPE LINE COMPANY, LLC; TEXACO, INC.; and TRMI-H LLC,**

     **Second Third-Party Defendants.**

_____

**CHEVRON CORPORATION; CHEVRON U.S.A., INC.; TEXACO, INC.; and TRMI-H LLC,**

     **Counter-Claimants**

     **v.**

**BUCKEYE PARTNERS, L.P.; BUCKEYE GP, LLC; BUCKEYE PIPE LINE COMPANY, L.P.; and BUCKEYE PIPE LINE HOLDINGS, L.P.,**

     **Counter-Defendants.**

_____

**CHEVRON CORPORATION; CEHVRON U.S.A., INC.; TEXACO, INC.; and TRMI-H LLC,**

     **Cross-Claimants**

     **v.**

**ATLANTIC RICHFIELD COMPANY; CITGO PETROLEUM CORPORATION; EXXONMOBIL OIL CORPORATION; EXXON MOBIL CORPORATION; SHELL OIL COMPANY; SUNOCO (R&M), LLC; and SUN PIPE LINE COMPANY, LLC;**

     **Cross-Defendants.**

_____

**APPEARANCES**        **OF COUNSEL**

**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue N.W.
Washington, D.C. 20001
Attorneys for Plaintiff Honeywell
International Inc.

**BRIAN D. ISRAEL, ESQ.**
**GEOFFREY J. MICHAEL, ESQ.**
**LAUREN C. DANIEL, ESQ.**

**HANCOCK ESTABROOK LLP**
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Attorneys for Buckeye Partners, L.P.;
Buckeye GP, LLC; Buckeye Pipe
Line Company, L.P.; and Buckeye
Pipe Line Holdings, L.P.

**JOHN G. POWERS, ESQ.**
**WENDY ANN MARSH, ESQ.**
**JAMES J. O'SHEA, ESQ.**
**ANNELIESE ALIASSO, ESQ.**

**THE WLADIS LAW FIRM, P.C.**
6312 Fly Road
East Syracuse, New York 13057
Attorneys for Bruce Kenan; YAD
Associates, Inc.; Pyramid Company
of Onondaga; and Robert J. Congel

**KEVIN C. MURPHY, ESQ.**
**TIMOTHY J. LAMBRECHT, ESQ.**

**THE WEST FIRM, PLLC**
Peter Kiernan Plaza
575 Broadway, 2nd Floor
Albany, New York 12207-2931
Attorneys for Chevron Corporation;
Chevron U.S.A., Inc.; Texaco, Inc.;
and TRMI-H LLC

**MICHAEL W. PETERS, ESQ.**

**DEVAPRASAD PLLC**
119 Washington Avenue
Albany, New York 12210
Attorneys for Atlantic Richfield
Company

**S. DAVID DEVAPRASAD, ESQ.**

**KAREN LEE PRENA P.C.**
3100 N. Sheridan Road, Ste 4d
Chicago, Illinois 60657
Attorneys for Citgo Petroleum
Corporation

**KAREN L. PRENA, ESQ.**

**GERMAIN & GERMAIN**
314 East Fayette Street
Syracuse, New York 13202
Attorneys for and Hess
Corporation

**ROBERT M. GERMAIN, I, ESQ.**

**MCCUSKER ANSELMI**                    **JOHN B. MCCUSKER, ESQ.**
**ROSEN CARVELLI**                      **KATHERINE E. SUELL, ESQ.**
805 Third Avenue, 12th Floor
New York, New York 10022
Attorneys for Exxonmobil Oil
Corporation and Exon Mobil
Corporation

**BEVERIDGE & DIAMOND PC**              **MEGAN BILLAULT, ESQ.**
477 Madison Avenue, 15th Floor         **ERIC L. KLEIN, ESQ.**
New York, New York 10022-5802
Attorneys for Shell Oil Company

**MCCARTER & ENGLISH, LLP**            **AMANDA GRAHAM DUMVILLE, ESQ.**
4 Gateway Center                        **JOHN J. MCALEESE, III, ESQ.**
100 Mulberry Street                     **MINJI KIM, ESQ.**
Newark, New Jersey 07102
Attorneys for Sunoco (R&M), LLC
and Sun Pipe Line Company, LLC

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On August 5, 2019, Defendants[1] filed their Second Third-Party Complaint against

Atlantic Richfield Company; Citgo Petroleum Corporation; Chevron Corporation; Chevron

U.S.A. Inc.; Kinder Morgan Inc.; ExxonMobil Oil Corporation; Exxon Mobil Corporation; Hess

Corporation; Shell Oil Company; Sunoco (R&M), LLC; Sun Pipe Line Company, LLC; Texaco,

Inc.; and TRMI-H LLC (hereinafter collectively "STP Defendants"), which they amended on

October 30, 2019.  *See* Dkt. No. 108, STP Amended Compl.  On January 21, 2020, STP Chevron

Defendants[2] filed their answer, affirmative defenses, counterclaims, and cross-claims in response

---

[1] Buckeye Partners, L.P.; Buckeye GP, LLC; Buckeye Pipe Line Company, L.P.; and Buckeye
Pipe Line Holdings, L.P. are collectively referred to as "Defendants" or "Buckeye."

[2] "STP Chevron Defendants" refers collectively to Second Third-Party Defendants Chevron
Corporation, Chevron U.S.A. Inc., Texaco, Inc., and TRMI-H LLC.

to Defendants STP Amended Complaint.  *See* Dkt. Nos. 139, 140.  In relevant part, STP Chevron

Defendants asserted the following cross-claims against the remaining STP Defendants[3], which

are all derivative of Defendants' claims against them:

> (1) Contribution under CERCLA § 113(f), 42 U.S.C. § 9613(f), for any amount they have paid in excess of their fair and equitable share of investigation and remediation costs;

> (2) Contribution under CERCLA § 113(f), 42 U.S.C. § 9613(f), for any amount they have paid in excess of their fair and equitable share of NRD Consent Decree costs;

> (3) Contribution under OPA §§ 1009, 1017, 33 U.S.C. §§ 2709, 2717, for any amount they have paid in excess of their fair and equitable share of oil-related removal costs;

> (4) Contribution under New York Navigation Law for any amount they have paid in excess of their fair and equitable share of petroleum discharge cleanup and removal costs; and

> (5) Contribution under New York CPLR § 1401 for any amount they have paid in excess of their share of claims that have been or could have been made in this action.

*See* Dkt. Nos. 139, 140.

On March 3, 2020, STP Exxon Defendants[4] filed a motion to dismiss STP Chevron

Defendants' cross-claims against them, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  *See* Dkt. No. 191.  On March 3, 2020, STP Sunoco Defendants[5] also filed a motion

to dismiss STP Chevron Defendants' cross-claims against them, pursuant to Rules 12(b)(1) and

---

[3] The Court previously dismissed Kinder Morgan Inc. entirely from this action and dismissed STP Chevron Defendants' cross-claims against Hess Corporation. *See* Dkt. No. 236.

[4] "STP Exxon Defendants" refers collectively to Second Third-Party Defendants ExxonMobil Oil Corporation and Exxon Mobil Corporation.

[5] "STP Sunoco Defendants" refers collectively to Second Third-Party Defendants Sunoco (R&M), LLC and Sun Pipe Line Company LLC.

12(b)(6) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 192.  Additionally, on March 31, 2020, STP Citgo Defendant[6] filed a motion to dismiss STP Chevron Defendants' cross-claims against them, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 198.

On June 25, 2021, the Court issued a Memorandum-Decision and Order in which it dismissed all of Defendants' claims against STP Defendants, except for the CERCLA § 113 claims that were derivative of Plaintiff's CERCLA § 107 claim.  *See* Dkt. No. 236.

Pending before the Court are STP Exxon Defendants', STP Sunoco Defendants', and STP Citgo Defendant's motions to dismiss STP Chevron Defendants' cross-claims against them.

## II. DISCUSSION

### A.  Standard of review

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept the material facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (citation omitted).  However, the court is not required to credit legal conclusions, bare assertions, or conclusory allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-81 (2009) (citations omitted).  As such, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting [*Twombly*, 550 U.S.] at 570, 127 S. Ct. 1955).  A claim is facially plausible "when the plaintiff pleads factual content that

---

[6] "STP Citgo Defendant" refers to Second Third-Party Defendant Citgo Petroleum Corporation.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing [*Twombly*, 550 U.S.] at 556, 127 S. Ct. 1955).  Therefore, under this standard, a plaintiff must support his claims with sufficient factual allegations to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).  Thus, if the plaintiff has not "'nudged his claims' . . . 'across the line from conceivable to plausible,'" the court must dismiss the complaint.  *Id.* at 680 (quoting [*Twombly*, 550 U.S. at 570]).

**B.  STP Chevron Defendants' OPA, New York Navigation Law, and New York CPLR contribution cross-claims**

STP Chevron Defendants bring cross-claims for contribution against the remaining STP Defendants, pursuant to OPA §§ 1009, 1017, 33 U.S.C. §§ 2709, 2717; New York Navigation Law; and New York CPLR § 1401, that are derivative of the third-party contribution claims that Defendants brought against STP Defendants under the same statutes.  *See* Dkt. No. 139 at 49-54. STP Chevron Defendants' cross-claims seek to recover from the other STP Defendants any amount for which the Court finds them liable to Defendants that is above their fair and equitable share of costs.  *See id.*  However, on June 25, 2021, the Court dismissed all of Defendants' third-party claims from which STP Chevron Defendants' cross-claims derive, except for Defendants' CERCLA § 113 claims that were derivative of Plaintiff's CERCLA § 107 claim.  *See* Dkt. No. 236.  As a result, the Court cannot find STP Chevron Defendants liable to Defendants for any amount above their fair and equitable share of costs.[7]  Accordingly, the Court grants STP Exxon Defendants', STP Sunoco Defendants', and STP Citgo Defendant's motions to dismiss STP

---

[7] In fact, STP Chevron Defendants explicitly conditioned all of their cross-claims upon the Court finding that Defendants had a viable third-party contribution claim against them.  *See* Dkt. No. 139 at 46-54, ¶¶ 13, 19, 30, 42, 50.

Chevron Defendants' cross claims against them under OPA §§ 1009, 1017, 33 U.S.C. §§ 2709, 2717; New York Navigation Law; and New York CPLR § 1401.

### C.  STP Chevron Defendants' CERCLA § 113 claims

STP Chevron Defendants bring claims against STP Defendants under CERCLA § 113(f) that are derivative of the third-party contribution claims that Defendants brought against STP Defendants under CERCLA § 113(f).  *See* Dkt. No. 139 at 46-49.  STP Chevron Defendants' cross-claims seek to recover from the other STP Defendants any amount for which the Court finds them liable to Defendants that is above their fair and equitable share of investigation, remediation, and NRD Consent Decree costs.  *See id.*  However, Defendants' third-party contribution claims brought against STP Defendants under CERCLA § 113 only seek to recover each STP Defendants' equitable share of response costs.  *See* Dkt. No. 108 at ¶¶ 223-24, 228-29 (requesting that the Court allocate "any response costs among all liable parties, including Third Party Defendants, using such equitable factors" as it deems appropriate).  Therefore, the Court cannot find STP Chevron Defendants liable to Defendants for any amount above their equitable share of response costs; and, thus, their CERCLA § 113(f) claims that are derivative of Defendants' third-party contribution claims under CERCLA § 113(f) fail.  *See New York v. Westwood-Squibb Pharm. Co., Inc.*, No. 90-CV-1324C, 2004 WL 1570261, *21 (W.D.N.Y. May 25, 2004) (stating that liability for contribution under § 113 is only several, meaning that each party is only responsible for their proportionate equitable share of the harm caused (citations omitted)).  As a result, the Court grants STP Exxon Defendants', STP Sunoco Defendants', and STP Citgo Defendant's motions to dismiss STP Chevron Defendants' cross claims against them under CERCLA § 113(f).

## III. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that STP Exxon Defendants', STP Sunoco Defendants', and STP Citgo Defendant's motions to dismiss all of STP Chevron Defendants' cross-claims, *see* Dkt. Nos. 191, 192, 198, are **GRANTED** and all of STP Chevron Defendants' cross-claims against them are **DISMISSED**.

**IT IS SO ORDERED.**

Dated: August 19, 2021

      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge