

Reply to:
25 Independence Boulevard
Warren, New Jersey  07059-6747
(908) 647-1022
(908) 647-7721 Fax
www.heroldlaw.com

570 Lexington Avenue, Suite 1600
New York, New York  10022
(646)  227-0180
By Appointment Only

Professional Association
Attorneys at Law

70 NE 5th Ave
Delray Beach, Florida 33483
(561) 501-6073
Fax: (561) 501-6069

150 N. Radnor-Chester Road, Suite F-200
Radnor, Pennsylvania  19087
Office: (610) 977-2023
Cell: (215) 680-1860

Email:jmcaleese@heroldlaw.com

January 8, 2024

**VIA PACER**

Honorable Miroslav Lovric, U.S.M.J.
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, NY 13901

  Re: **Honeywell International Inc. v. Buckeye Partners, L.P. et al.**
     **No. 5:18-cv-00646-FJS-ML**
     **No. 5:18-cv-01176-FJS-ML (*consolidated*)**

Dear Judge Lovric,

  This firm represents Defendants ETC Sunoco Holdings LLC and Energy Transfer (R&M), LLC (collectively, "Sunoco") in the above-captioned consolidated litigation.  As directed by Your Honor's January 4, 2024 Text Order, and in accordance with Local Rule 7.1, Sunoco submits this letter to request Your Honor's consent to Sunoco's filing of a Motion to Compel Inspection ("Motion") pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i).

  Sunoco seeks to conduct sampling on property that is owned by the County of Onondaga (the "County"), which property, known as SYW-12, is a subject of this litigation.  Sunoco initially approached the County to obtain access to SYW-12 in early August 2023.  The County, who is not a party to this litigation, refused to give Sunoco access. Due to the County's unwillingness to voluntarily provide access for the sampling, Sunoco served a subpoena on the County on November 3, 2023 (the "Subpoena").[1]  The Subpoena, a true and correct copy of which is enclosed as <u>Exhibit A</u>, requests the right to access, inspect and perform soil sampling at SYW-12.  On

---

[1] Although Sunoco served the Subpoena on the County and is submitting this Letter, the sampling to be performed will be done on behalf of a joint defense group consisting of Defendants Sunoco, CITGO Petroleum Corporation and ExxonMobil Corporation.

November 16, 2023, the County sent a letter to Sunoco pursuant to Fed. R. Civ. P. 45 objecting to the Subpoena. Sunoco now wishes to file a Motion to Compel Inspection pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i).

In this litigation, Plaintiff Honeywell seeks contribution from Sunoco and the other joint defendants for costs it has allegedly incurred investigating contamination of SYW-12.[2] SYW-12 is also the subject of a March 31, 2023 demand letter directed to Sunoco and other parties from the New York State Department of Environmental Conservation ("NYSDEC") regarding SYW-12 ("Demand Letter"). In the Demand Letter, NYSDEC demands that Sunoco and other parties, including those in the joint defense group, enter into an administrative consent order to "implement and finance a remedial program and selected remedy for [SYW-12's] contamination." Other than Honeywell's claims in the subject litigation, up until receipt of the NSYDEC Demand Letter on April 19, 2023, Sunoco was never asked to finance, investigate or remediate SYW-12.

Honeywell's previous investigation of SYW-12, done in connection with the remedial investigation it conducted and in support of its effort to identify the sources of contamination in SYW-12, was critically deficient in scope and extent. That investigation minimized, if not wholly ignored, Honeywell waste in its analysis and in deriving its conclusions. Moreover, it appears that NYSDEC relied on Honeywell's inadequate and faulty investigation of SYW-12 in identifying Sunoco and other recipients of the Demand Letter. Therefore, additional investigatory testing at SYW-12 is essential and necessary to fully analyze, identify and characterize the contamination, including hydrocarbons, tars and other industrial wastes, and is vital to Sunoco and the other joint defense group defendants for defense in this litigation and to respond to the NYSDEC Demand Letter. NYSDEC has agreed to allow the additional testing proposed by Sunoco and has reviewed and commented on the Work Plan.

In an effort to gain access from the County to SYW-12 for the proposed sampling, I contacted Benjamin Yaus, Esquire, First Chief Deputy County Attorney, by telephone on August 3, 2023. I was provided Mr. Yaus' name and contact information by Margaret Sheen, an attorney with NYSDEC. I explained to Mr. Yaus the proposed sampling and the need for the work and provided him with a copy of the draft Work Plan by e-mail on that same day. On August 21, 2023, I emailed a revised version of the draft Work Plan to Mr. Yaus, which had been revised to include comments from NYSDEC. Within 10 minutes of my email to him, Mr. Yaus replied by e-mail that the "County is not inclined to grant permission for any additional sampling on its property given the studies performed to date, site complications, and the County's trail and ongoing trail project." The next day, August 22, 2023, I called Mr. Yaus to discuss the County's rationale for declining Sunoco's request. Mr. Yaus informed me that the County would not provide access to

---

[2] *See* ECF No. 1 (Civil Action No. 5:18-cv-01176-FJS-ML) at ¶¶ 2, 60, 211-218, 245-256.

SYW-12 because the property had already been sampled, it was an environmentally sensitive property and access would only be granted by the County if compelled to do so by order.

Due to the County's denial of Sunoco's request for voluntary access to inspect and sample SYW-12, and after considering its options when dealing with a non-party like the County, Sunoco opted to serve the Subpoena on November 3, 2023. Included with the Subpoena was a copy of the final Work Plan for the soil sampling event.[3] As detailed in the Work Plan, which was reviewed and commented upon by NYSDEC prior to being served on the County as part of the Subpoena, Sunoco and its consultants intend to take soil samples at eleven borehole locations. Those samples will then be analyzed by a certified laboratory in accordance with United States Environmental Protection Agency methodologies. The proposed analysis of the samples will include parameters and analytical methods not included in any investigations to date by Honeywell.

In response to Sunoco's Subpoena, the County sent an objection letter dated November 16, 2023 ("County Objection Letter"), attached as Exhibit B, which again denied Sunoco's request to inspect and sample SYW-12. The County's objections fall into four general categories: "Access"; "Access & Terms"; "Environmental Concerns"; and "Unreasonable Time to Comply/Undue Burden." The County's objections can be summarized as follows: (i) the difficulty of physical access to SYW-12 and the need for an agreement between the County and Sunoco for the work to be performed, (ii) impact to the bald eagle roosting season on the property (which establishes a moratorium on the type of sampling proposed from December 1, 2023 until March 1, 2024), (iii) the County's general concerns regarding the environmentally sensitive nature of SYW-12, (iv) the impact of some of Sunoco's proposed sampling locations on past and/or future development and exploratory testing sites on the property, (v) Sunoco's lack of a NYSDEC wetland permit for the proposed work, and (vi) the County's "insufficient" time to assess the Work Plan/proposed sampling event "given the nature of this matter and issues and costs involved."

Pursuant to Fed. R. Civ. P. 26(b)(1), Sunoco "may obtain discovery regarding any nonprivileged matter that is relevant to [its] claim or defense . . . " in this litigation. In the subject action, Honeywell is seeking to recover from Sunoco both past and future costs incurred investigating and remediating SYW-12. Honeywell's effort to identify the sources of contamination in SYW-12 is inaccurate and most notably minimized, if not wholly ignored, Honeywell waste in its analysis and in deriving its conclusions. Therefore, additional investigatory testing at SYW-12 is essential and necessary to analyze, identify and characterize complex contamination containing Honeywell's manufacturing wastes, polycyclic aromatic hydrocarbons, petroleum hydrocarbons, coal tar and other wastes. Moreover, the sampling data is vital for responding to the NYSDEC Demand Letter and for supporting Sunoco's counterclaim

---

[3] The Work Plan was prepared by Integral Consulting, Inc., who was retained by Sunoco as well as other members of the joint defense group.

Honorable Miroslav Lovric, U.S.M.J.
January 8, 2023
Page 4

against Honeywell. For all these reasons, there is no question that Sunoco's request to enter, inspect and perform limited confirmatory and investigatory soil sampling at SYW-12 via the Subpoena falls squarely within the scope of discovery set forth in Fed. R. Civ. P. 26(b)(1).

Each objection proffered by the County in its Objection Letter fails to rise to the level of undue burden required under Fed. R. Civ. P. 45. As for the County's access concerns, Sunoco has already made clear that it and its consultants are willing to enter into a standard access agreement with the County for the inspection and sampling work to be performed, with insurance and other guarantees to perform the work properly, and to remedy any damages that should any occur. Such an arrangement is customary in these situations. Sunoco is also fully aware of the environmentally sensitive nature of SYW-12, including the use of the property as a location for winter roosting by bald eagles. As Sunoco advised the County, Sunoco has no intention of disturbing the aforesaid winter roosting process, which runs from December 1 to March 1 each year. Indeed, had the County been amenable to granting Sunoco access on a voluntary basis, which Sunoco initially requested in early August, Sunoco would not have had to set November 30, 2023 as the inspection and sampling date in the Subpoena. Nevertheless, now that the December 1 deadline has passed, Sunoco is seeking access to SYW-12 to perform the inspection and sampling as soon as reasonably possible following March 1, 2024.

Furthermore, the County's stated concern that the proposed sampling will somehow have a negative impact on the SYW-12 environment or past and future development is belied by the fact that several sampling rounds (environmental and geotechnical) have already occurred in SYW-12 *and*, most importantly, the 2023 Record of Decision ("ROD") for the property calls for wholesale disturbance of the SYW-12 environment, including the placement of a two-foot-thick soil cover and restoration of wetlands. The temporary and minimal environmental impact from Sunoco's proposed sampling, if any, will pale in comparison to the impacts from the implementation of the ROD to complete the remediation of SYW-12. To the extent that some sampling areas cannot be accessed for one reason or another, Sunoco and its consultants can work with the County to adjust the locations of the sampling, as is typically done in the field.

Additionally, Sunoco requires the County's approval and signature on any application to NYSDEC for a wetland permit. Since the County has shown no willingness to work with Sunoco to grant it entry and inspection/sampling rights to SYW-12, it is only reasonable to conclude that they would also not agree to cooperate with Sunoco in completing and submitting a Joint Application Form for a wetland-related permit. Accordingly, as part of its Motion, Sunoco plans to respectfully request that the Order granting the Motion include a mandate that the County execute the Joint Application Form for a wetland-related permit as the owner of SYW-12.

Finally, it is a misunderstanding on the part of the County to imply in its Objection Letter that the proposed inspection and sampling activities could (or should) have occurred sooner over

Honorable Miroslav Lovric, U.S.M.J.
January 8, 2023
Page 5

the last five years.  As this Court knows, fact discovery only commenced in 2023 and remains ongoing under a short time frame.  Furthermore, neither Sunoco nor the other joint defense parties received the NYSDEC Demand Letter regarding SYW-12 until April 2023, and, unlike Honeywell, received no prior inquiries of any kind whatsoever from NYSDEC related to SYW-12 to investigate or perform any work.  In addition, any comments the County may have on the final Work Plan should be minimal given the Work Plan was reviewed and not objected to by NYSDEC *before* being served on the County as part of the Subpoena.  Moreover, Sunoco provided the County with a draft of the Work Plan on August 3, 2023.  Certainly, any details that must be altered in the field can be accomplished as needed and through the cooperation of the parties.

      Consistent with the Federal Rules of Civil Procedure, the inspection at SYW-12 and the sampling data to be obtained are relevant to Sunoco's (and the other joint defense parties') claims and defenses in the subject litigation and for responding to the NYSDEC Demand Letter.  For these reasons, Sunoco intends, with Your Honor's consent, to file its Motion to seek an Order from the Court ordering the County to allow inspection and testing of SYW-12 as follows:  1) to allow Sunoco and its joint defense group environmental engineering consultants the right to enter, inspect and conduct soil sampling at SYW-12 in accordance with the Work Plan and any necessary amendments thereto; 2) to require the County to execute the Joint Application Form for a NYSDEC wetlands permit as the landowner of SYW-12; and 3) to cooperate with Sunoco and its joint defense group environmental engineering consultants as necessary to effectuate the Work Plan.

      We thank you in advance for your time and consideration.  Please feel free to contact me following your review of this letter with any additional questions.

Very truly yours,

John J. McAleese, III

JJM:nm

cc:    Benjamin Yaus, Esq. (via Email)
       All Counsel of Record (via ECF)