

Timothy J. Lambrecht, Esq.
tlambrecht@wladislawfirm.com

February 1, 2024

*VIA ECF*
Hon. Miroslav Lovric
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

      **RE:** *Honeywell International Inc. v. Buckeye Partners, L.P., et al.*
            *Civil Action No.: 5:18-CV-00646* **(FJS/ML)(consolidated)**
            **Non-Settling Parties' Status Report – YAD Defendants**

Your Honor:

      Our firm represents the Defendants YAD Associates, Inc., Pyramid Company of Onondaga, Bruce A. Kenan, and the Estate of Robert J. Congel (collectively, the "YAD Defendants").

      We have reviewed this court's January 29, 2024 text order. Given that the YAD Defendants are separately and distinctly situated from both the Defendants Citgo and Sunoco and the Settling Parties, the YAD Defendants file this separate status report.

      The YAD Defendants are subject to third-party claims initiated by the Buckeye Defendants regarding the former ExxonMobil/Buckeye Terminal property and crossclaims being prosecuted by the ExxonMobil Defendants regarding the separate former Mobil Terminal property. The YAD defendants are, at the same time, prosecuting counterclaims against the Buckeye Defendants and crossclaims against the ExxonMobil Defendants regarding the former ExxonMobil/Buckeye Terminal property. In addition, excluding the estate of Robert Congel, the YAD Defendants and the ExxonMobil Defendants are each respectively prosecuting counterclaims or crossclaims against the other regarding the separate former Mobil Terminal property.

      The Buckeye claims against the YAD Defendants are predicated on Buckeye's alleged liability to Honeywell as the result of alleged discharges or spills that Honeywell contends occurred from Buckeye's pipelines and as a result of Buckeye's ownership and/or operation of the former ExxonMobil/Buckeye Terminal and which Honeywell further alleges contributed to some portion of the costs Honeywell has or will incur (a) to address decades of Honeywell's discharges that contaminated the Onondaga Lake Bottom; and (b) to investigate and respond in the future to the disposal of Honeywell's waste at SYW-12. The ExxonMobil Defendants claims against the YAD Defendants regarding the separate Mobil Terminal property are similarly predicated on ExxonMobil's alleged liability to Buckeye for discharges or releases of hazardous substances at

or from the former Mobil Terminal that allegedly contaminated SYW-12 and contributed to the costs Honeywell has or will incur in responding to the contamination of SYW-12 and for which Buckeye has purportedly agreed to indemnify Honeywell.

The YAD Defendants are not and were never in the petroleum or hazardous substance business. The YAD Defendants never transported petroleum or hazardous substances to or within the former Oil City and never stored hazardous substances or petroleum products on, at or about the former ExxonMobil/Buckeye Terminal or the separate Mobil Terminal properties. Indeed, Honeywell has never sought any contribution from the YAD Defendants for any of the alleged damages it is attempting to recover from the Buckeye Defendants.

The Buckeye Defendants have reported to the court that they have reached agreement on the terms of a settlement with Honeywell and separately with all of the second third-party defendant oil companies (the "Settling Parties"). The YAD Defendants were not invited to participate in the recent mediation efforts and are wholly unaware of the terms of the purported settlements.

Regarding the current case management deadlines, the YAD Defendants have no objection to Buckeye's request that this court stay the current case management deadlines for the "Settling Parties" so long as any such stay does not preclude the YAD Defendants from continuing to engage in discovery, including efforts that may be addressed to one or more of the Settling Parties.

The YAD Defendants are not currently contemplating the need to file a motion to compel. The YAD Defendants are not aware of any impact Motion 369 would have on the existing motion to compel regarding non-party Onondaga County.

Regarding the extensions to the current case management deadlines proposed by the Sunoco and Citgo Defendants (and not opposed by Plaintiff Honeywell), the YAD Defendants would join in this request for all the reasons articulated in Sunoco's January 29, 2024 letter request.

Lastly, regarding Buckeye's January 27, 2024 letter request footnote eight concerning a potential future motion to sever, until such time that any such motion is filed, the YAD Defendants are not in a position to comment.

Thank you for your consideration.

Respectfully submitted,
THE WLADIS LAW FIRM, P.C.
*/s/ Timothy J. Lambrecht*
Timothy J. Lambrecht (#510390)
Kevin C. Murphy (#508134)
for Third-Party YAD Defendants

TL/mms

Cc:  All Counsel of Record via ECF